A05A0673. ROY et al. v. SHETTY et al.

(616 SE2d 208)

SMITH, Presiding Judge.

This case began with a complaint for alleged fraud, rescission of a purchase of corporate stock, and other relief. The issue in this appeal is whether the trial court erred in dismissing Subrata Roy's appeal because of Roy's "unreasonable inexcusable delay in causing the transcript to be filed." Because we agree with the trial court that the delay in filing the transcript was both unreasonable and inexcusable, we affirm the dismissal.

On appeal, Roy states that the reason for the delay was that he could not afford the transcript and could not come to terms with the

---

court reporter over a compromise price. He also states that the trial court clerk's office "never notified the Court reporter . . . about needing the record prior to [when] the court reporter submitted it to them." He raises two enumerations of error, the first of which is a "compound" enumeration.

1. Roy first contends that the trial court erred in dismissing his appeal because the court failed to make any findings regarding the reasonableness of the delay and whether appellees were prejudiced by it. This contention is clearly belied by the record. The trial court plainly found that the delay was unreasonable and so recited in the order.

Roy also argues that the delay was not unreasonable because it did not prejudice appellees. "The threshold question of whether a delay in filing a transcript is unreasonable is a separate matter from the issue of whether such a delay is inexcusable, and [it] refers principally to the length and effect of the delay rather than the cause of the delay." (Citations, punctuation and emphasis omitted.) *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996). An unreasonable delay is defined as one which "may affect an appeal," either by "directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity," or by causing the appeal to become stale, for instance by delaying docketing and hearing in this court. *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994).

As this court stated in *Cousins Mtg. &c. Investments v. Hamilton*, 147 Ga. App. 210 (248 SE2d 516) (1978), "[j]ustice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed. [Cits.]" Id. at 212. OCGA § 5-6-42 provides that when a transcript is to be included in an appeal, the appellant "shall cause the transcript to be prepared and filed as provided by Code Section 5-6-41. . . . The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal." In this case, 110 days passed between the filing of the notice of appeal and the filing of the transcript. The court reporter testified that Roy's failure to pay for the transcript "definitely" delayed her in preparing it. Roy did not request an extension during this period.

At the hearing on Shashirekha Shetty's motion to dismiss, the trial court indicated that it would grant the motion, partly because it was unimpressed with Roy's excuse of poverty. This was because "in addition to everything else I've heard, [the appeal was] delayed because on at least one occasion Mr. Roy went to India, which meant that he had the funds to go there. Somehow he managed to come up

with funds to go." The trial court's finding of unreasonableness was supported by the evidence.

2. Roy also maintains that the trial court erred in finding that the delay was inexcusable. He argues that although the delay was caused by him, it was not inexcusable. He points out that he asked the court reporter to begin the transcription on June 11, 2003, four months before he filed his notice of appeal. He argues that this shows that he "wanted to appeal the judgment from the moment of the verdict, the only reason for the delay being affordability." But neither the nature of Roy's desires nor the "affordability" of the transcription is an issue here.

First, nothing in the record shows that Roy notified the trial court in timely fashion of his alleged poverty, which would have authorized the trial court in its discretion to permit him to proceed with an appeal by preparing a transcript from recollection, as specifically permitted by OCGA § 5-6-41 (c). Second, Roy did not apply for an extension of time within which to file the transcript. This case is unlike *Baker v. Southern R. Co.*, 260 Ga. 115 (390 SE2d 576) (1990), in which the transcript was delayed primarily because of illness in the court reporter's family. The Georgia Supreme Court remanded in *Baker* because the trial court did not make a finding as to whether the appellant caused the delay but simply based its dismissal on appellant's failure to seek an extension in which to file the transcript. Here, no question exists that Roy, not the court reporter, was the sole cause of the delay. The trial court did not err in finding that the delay was inexcusable and in dismissing Roy's appeal.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JUNE 23, 2005.

*Adam S. Jaffe*, for appellants.
*Alfred L. King, Jr.*, for appellees.