## A06A0819. ADAMS v. HEBERT.

(630 SE2d 652)

ADAMS, Judge.

Peggy Adams appeals from the trial court's order granting Marsha Hebert's motion to dismiss Adams' notice of appeal. We affirm.

After a jury returned a verdict in favor of Adams, the trial court granted Hebert's motion for judgment notwithstanding the verdict and entered judgment in favor of Hebert on March 23, 2005. Adams filed a timely notice of appeal on April 22, 2005, after receiving the trial transcript from the court reporter on April 18, 2005. Hebert filed her motion to dismiss the notice of appeal on August 15, 2005, on the ground that Adams had failed to file the trial transcript within 30 days as required by OCGA § 5-6-42 and had failed to obtain an extension from the court for filing the transcript.

Adams' attorney filed an affidavit in opposition to this motion, averring that he had been practicing law since 1977, and in that time had tried more than 2,000 cases. He stated that he had appealed more than 30 cases to the Georgia appellate courts, and had never before been late in filing a trial transcript. The attorney explained that he had a computerized case management and docket control system in place in his office to track filing deadlines. The system requires that his office staff log in each case when a file is opened and then record all deadlines on four separate calendars and the main computer folder. The system includes dates for filing transcripts in all cases that have been appealed.

The attorney stated that he had instructed his staff to ensure that the transcript in Adams' case had been ordered and that it was filed with the trial court within 30 days of the filing of the notice of

appeal, unless an extension was obtained. But although a file was opened and the transcript ordered and obtained from the court reporter, the date for filing the transcript with the trial court (May 22, 2005) was not recorded in the docketing system. In addition, the attorney's file in this case had been misfiled and was not located until after the motion to dismiss had been filed. Accordingly, Adams contends that the failure to file the transcript was due to mere clerical error and that her appeal should not have been dismissed.

After holding a hearing on the matter, the trial court granted Hebert's motion, holding that the delay in filing the transcript was unreasonable, inexcusable and prejudicial to Hebert and caused the appeal to be stale.

"This Court will not disturb the lower court's finding on such a motion to dismiss absent an abuse of discretion." (Citation omitted.) *Fitzpatrick v. State*, 269 Ga. App. 825 (605 SE2d 420) (2004). And a delay in excess of 30 days in filing a transcript after a notice of appeal is filed is prima facie unreasonable and inexcusable, "but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation omitted.) *Brandenburg v. All-Fleet Refinishing*, 252 Ga. App. 40, 44 (555 SE2d 508) (2001). See also OCGA § 5-6-48 (c).

"The threshold question of whether a delay in filing a transcript is unreasonable is a separate matter from the issue of whether such a delay is inexcusable, and it refers principally to the length and effect of the delay rather than the cause of the delay." (Citation and punctuation omitted.) *Roy v. Shetty*, 274 Ga. App. 8, 9 (1) (616 SE2d 208) (2005). Generally, a delay is unreasonable if it affects an appeal, "either by directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity, or by causing the appeal to become stale, for instance by delaying docketing and hearing in this court." (Citation and punctuation omitted.) Id.

Here, Adams waited more than 150 days to file the transcript, and this prevented the placement of the case on the earliest possible appellate court calendar.[1] Thus, the docketing and consideration of the appeal was delayed for another term. As this Court has noted, "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." (Citation and punctuation omitted.) *Roy v. Shetty*, 274 Ga. App. at 9. The trial court found that

---

[1] "The docket for the January, April, and September terms shall close at noon on the 15th day of December, April and August respectively." Court of Appeals Rule 12.

the delay in this case prejudiced Hebert's ability to administer the estate at issue, including paying the estate's heirs and creditors in a timely fashion. Because Adams has failed to provide any trial transcript or record from the underlying action, we must presume that this finding is correct. See *Scott Bros. v. Warren*, 261 Ga. App. 285, 286 (1) (582 SE2d 224) (2003).

And although Adams' attorney placed the blame for the delay on his office staff, the record indicates that the attorney had the transcript in his possession at the time he filed the notice of appeal. Thus, there was nothing to prevent the timely filing of the transcript. Accordingly, we cannot say that the trial court abused its discretion in finding that the attorney's delay in filing the transcript was inexcusable.

We therefore affirm the trial court's order dismissing Adams' appeal.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 2, 2006.

*Harrison & Harrison, Stephen P. Harrison*, for appellant.
*Wood, Odom & Edge, Gus L. Wood III*, for appellee.

