A06A0642, A06A0643. TOOMBS et al. v. MEYER M. CARDIN LIVING TRUST #2; and vice versa.
(632 SE2d 410)

ANDREWS, Presiding Judge.

Robert Lee Toombs and his wife, Minnie P. Toombs, pro se, appeal in Case No. A06A0642 from the trial court's judgment, following a bench trial, dismissing their claim for wrongful foreclosure and directing them to pay principal, interest, attorney fees, and other amounts owing as the result of a promissory note and deed to secure debt signed by them in 1986, on their Rainbow Drive property. In Case No. A06A0643, the Meyer M. Cardin Living Trust #2 (the Trust), the holder of the note and security deed, cross-appeals from the trial court's computation of interest and attorney fees owing by the Toombses.

The Toombses filed their complaint in 2003, seeking to temporarily restrain the upcoming foreclosure sale[1] by the Trust of their property and asking for damages for wrongful foreclosure. The Trust filed its answer and counterclaim, alleging default under the note and seeking recovery of all amounts due under it.

The February 21, 1986 note, signed by the Toombses, was for $60,000 at 17.99 percent simple interest, to be paid in 180 installments of $965.82. It stated that, if, on February 25, 2001, "I still owe amounts under this Note, I will pay all those amounts, in full, on that date." A late charge was specified on overdue payments of ten percent of that payment, but not less than $10 or more than $96.58.

The deed to secure debt provided that

all payments received by Lender under the Note and paragraphs 1 and 2 hereof [(1) principal, interest, late charges,

---

[1] The Trust had agreed to postpone an earlier foreclosure in 2001.

(2) taxes and insurance] shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof [taxes and insurance], then to interest payable on the Note, then to the principal of the Note.

In 1994, Robert Toombs filed for bankruptcy under Chapter 13 and the then holder of the Rainbow Drive note and deed to secure debt, Fleet Finance, Inc., filed its proof of secured claim in the amount of $55,085.44, which included an arrearage of $6,260.74. In its consent order on confirmation, which was agreed to by the debtor Robert Toombs and creditor Fleet Finance, the bankruptcy court found that the proven claim of Fleet Finance on the Rainbow Drive property was the $55,085.44, including the arrearage of $6,260.74. The order directed that the arrearage be paid through the bankruptcy trustee and that the remaining payments due of $48,824.70 be paid directly to Fleet Finance or its successors in interest. It is not disputed that the arrearage was paid through the trustee.

Payments were made on the note by the Toombses or on their behalf until December 26, 2000, when the remaining principal balance was $19,856.59. At that point, the Toombses quit paying on the loan because they had made 180 payments, which they believed was their only obligation under the note and deed to secure debt. It was acknowledged during the hearing, however, that, over a period of approximately two years, a number of the payments made were not for the full amount owing and that, in 2004, the Trust had paid a past due tax bill of $2,474.33 in order to avoid a tax sale of the property.

Pursuant to the terms of the note, interest continued to accrue on the unpaid principal balance, as well as the taxes advanced, through the trial date. As the uncontroverted evidence presented during the trial on August 26, 2005, showed, the following amounts were due:

| | |
|---|---|
| Unpaid Principal Balance | $19,856.59 |
| Unpaid and Accrued Interest on the Principal Balance | $16,666.19 |
| Unpaid Tax Advance | $2,474.33 |
| Interest on Tax Advances | $494.00 |
| Attorneys' Fees and Costs Pursuant to O.C.G.A. § 13-1-11 | $3,949.11 |
| TOTAL | $43,440.22 |

## Case No. A06A0642

1. We note that the brief filed by the Toombses is not in compliance with Rule 25 (a) of this Court and contains only one paragraph.

No statement of facts is contained in the brief and no legal authority is cited. Under the section labeled "enumeration of errors," the only argument made is that they were unjustly treated in that their evidence was barred. A full review of the transcript of the trial, however, reveals that the trial court was very lenient in allowing them to make any arguments and present any relevant evidence. The only evidence we note which was disallowed had previously been ruled inadmissible pursuant to the trial court's ruling on the Trust's motion in limine.

The Toombses have failed to demonstrate any error of law committed by the trial court. See Court of Appeals Rule 25 (c) (2), (3).

> The burden is always on the appellant in asserting error to show it affirmatively by the record. This court will not consider factual assertions in the brief unsupported by the record. Neither will we assume error. Since this is a court for correction of errors of law, our decision must be made upon the record and not upon [appellate] briefs. . . . Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review.

(Citations and punctuation omitted.) *Kellam v. State*, 271 Ga. App. 125, 126-127 (608 SE2d 729) (2004). See also *Portee v. State of Ga.*, 277 Ga. App. 536 (627 SE2d 63) (2006).

Therefore, the judgment dismissing the Toombses' claims is affirmed. See *Mabra v. Deutsche Bank &c. Co. Americas*, 277 Ga. App. 764, 768 (2) (627 SE2d 849) (2006).

## Case No. A06A0643

2. The Trust's two enumerations of error are that the trial court erred in awarding only $8,000 in interest and only $3,330.92 in attorney fees and costs pursuant to OCGA § 13-1-11. We agree.

"During a nonjury trial, it is presumed that the court is able to sift the wheat from the chaff and select only the legal evidence. We will reverse the trial court only where there is no legal evidence to support the trial court's ruling." (Punctuation and footnote omitted.) *In the Interest of E. C.*, 271 Ga. App. 133, 135 (1) (609 SE2d 381) (2004).

Here, as pointed out by the Trust, the Toombses presented no evidence regarding the computation of interest or attorney fees and costs. The Trust presented uncontroverted written evidence and oral

testimony that, at the interest rate of 17.99 percent stated in the note, $16,666.19 in interest accrued on the unpaid principal balance of $19,856.59, and $494 in interest accrued on the tax advance from December 27, 2000 (the day after the last payment made by the Toombses), until August 25, 2005 (the day before trial began).

In announcing his ruling, the trial court stated that

> I'm obligated to enforce the agreement as put forth. And I will find that the [Toombses] are indebted to the [Trust] under a certain security deed dated February 21st, 1986, . . . in the amount of $19,856.59 in principal. And I'm setting the interest at — *I know [the Trust] originally asked for $16,666.19. I definitely understand that based upon the calculations.* But based upon my consideration of the entire case, in its entirety, *I'm going to set the interest amount at $8,000.*

(Emphasis supplied.)

Because this issue is one of contract construction and the application of mathematical computation to uncontroverted amounts, it is a question of law for the Court and is subject to de novo review. *D. R. Horton, Inc. — Torrey v. Tausch*, 271 Ga. App. 511, 513 (1) (610 SE2d 151) (2005). Having examined the record and transcript, we find no legal evidence to support the trial court's ruling regarding the amount of interest due and this portion of the judgment must be reversed. Id.; *In the Interest of E. C.*, supra.

Further, both the note and security deed provided that the loan holder had the right to collect reasonable attorney fees. OCGA § 13-1-11 (a) (2) provides that "reasonable attorney's fees" shall mean fifteen percent of the first $500 and ten percent of the amount of the principal and interest in excess of $500. Therefore, the Trust was also entitled to recover $3,949.11 in attorney fees, not the amount awarded which is unsupported by any evidence, and this portion of the judgment must also be reversed.

*Judgment affirmed in part in Case No. A06A0642. Judgment reversed in part in Case No. A06A0643. Barnes and Bernes, JJ., concur.*

DECIDED MAY 19, 2006 —
RECONSIDERATION DISMISSED JUNE 9, 2006.

Robert L. Toombs, *pro se.*
Minnie P. Toombs, *pro se.*
*Pendergast & Jones, Howell A. Hall*, for appellee.