**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A2301.  POSTELL  et  al.  v.  ALFA  INSURANCE
CORPORATION et al.

ANDREWS, Presiding Judge.

Appellants Crandall Postell and Sharon Davis commenced an action in the trial court asserting tort and breach of contract claims against Alfa Insurance Corporation, Davis' home insurer, American Home Shield Corporation, which provided a home warranty plan for Davis' home, and other defendants (collectively, "Appellees"). The trial court entered an order on February 28, 2013 by which it (1) entered judgment on a jury verdict in Davis' favor on one of her contractual claims against Alfa and (2) granted a directed verdict for Appellees as to all other claims. Appellants filed a notice of appeal, but the trial court thereafter granted Appellees' motion to dismiss the appeal under OCGA § 5-6-48 (c). In *Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194

(757 SE2d 661) (2014), we vacated the trial court's dismissal order and remanded the case because the trial court failed to make the requisite findings to allow us to determine whether the trial court properly exercised its discretion. Following remand, the trial court entered a more detailed order dismissing the appeal. Appellants appeal *pro se,* arguing that the trial court abused its discretion in dismissing the appeal and erred in denying their motion to recuse the trial judge. For the reasons that follow, we affirm.

The record shows that Appellants filed a notice of appeal on March 22, 2013 requesting that the trial court clerk "omit nothing" from the record on appeal. On March 26, 2013, the trial court clerk sent an invoice for the cost of preparing the record on appeal to Appellants by certified mail. On April 12, 2013, Appellants filed an amended notice of appeal specifying that the record on appeal should omit nothing and should include the "trial court transcript and all exhibits." Appellees filed their motion to dismiss the appeal on May 28, 2013 based on Appellants' alleged unreasonable and inexcusable delay in filing the trial transcript and in paying the costs of the appeal. On May 31, 2013, Appellants' counsel wrote to the trial court, stating that she was retained on April 30, 2013 and requesting an extension of time for obtaining the trial transcripts.

Appellants asserted in their response to the motion to dismiss that the court reporter who took down the trial sent an invoice to their trial counsel on February 19, 2013 for the cost of taking down the trial but that their counsel did not forward it to them. Postell contacted the court reporter on his own accord in late February to get an estimate of the cost of a full transcript. A February 26, 2013 letter from the court reporter to Postell, attached as an exhibit to Appellants' response, reflects that Postell had spoken with her that day and that she advised him that she would not begin transcribing the trial until she received a payment of $4,700. The letter stated that her reporting company "requires payment in advance of beginning work on such a time-consuming trial." Appellants asserted in their response that they were not able to pay that sum up front and that the court reporter was not willing to work out another arrangement. Once they retained new counsel, however, counsel was able to work out a payment arrangement so that Appellants could pay $937 in advance for the transcription of each day of the trial.

At the hearing on the motion to dismiss on July 19, 2013, Appellants' counsel asserted that Appellants' trial counsel had advised Appellants that they would only need certain parts of the transcript but that he would not represent them on appeal. Another attorney they consulted while looking for new counsel, however, "tipped

3

them off" that they would need to have the full transcript prepared. Appellants' counsel advised the trial court that as of the hearing date, the court reporter had completed day one of the four-day trial and was working on day two. Appellants' counsel stated that the March 26, 2013 invoice had been paid the previous week. Counsel for both sides stated that the reason the court reporter initially required advance payment from Appellants was that they were unrepresented.

The trial court granted the motion to dismiss in a summary order entered on August 7, 2013. Appellants' counsel filed a motion for reconsideration and attached thereto email correspondence with the court reporter showing that the transcript of the final day of trial was sent by overnight mail to the trial court clerk so as to be received by August 8, 2013. The trial court denied the motion, and Appellants' counsel thereafter filed a motion to withdraw. Acting *pro se*, Appellants filed a renewed motion for reconsideration, which the trial court denied in an order entered after Appellants filed their notice of appeal from the dismissal order. The remittitur following the prior appeal was filed in the trial court on May 5, 2014. Prior thereto, on April 21, 2014, Appellants filed a motion to open discovery. On April 23, 2014, the trial court entered an order granting Appellees' motion to dismiss and denying the motion to open discovery. On April 29, 2014, Appellants filed a motion to recuse the

trial judge, arguing, among other things, that her April 23 order evidenced her bias against them. On May 5, 2014, the trial court entered orders denying the motion to recuse and the motion to open discovery; an order vacating the April 23 order as void; and an order granting the motion to dismiss, which contained the same findings of fact and conclusions of law as the April 23 order. Appellants filed two motions to recuse before they filed their notice of appeal.

1. We first address Appellants' argument that the trial court erred in denying their first motion to recuse the trial judge. See *Propst v. Morgan*, 288 Ga. 862, 864-865 (708 SE2d 291) (2011). "Once a motion to recuse is filed with the trial judge, . . . that judge must make three threshold determinations regarding the legal sufficiency of the motion: whether it was timely filed; whether the affidavit made in support of it . . . is legally sufficient; and whether, if some or all of the facts set forth in the affidavit are true, recusal would be authorized." (Citations omitted.) *Henderson v. State*, 295 Ga. 333, 334 (1) (759 SE2d 827) (2014); see also Uniform Superior Court Rule 25.3. If any one of the conditions is not met, the trial court does not err in denying the motion without referring it to another judge. *Henderson*, supra, 295 Ga. at 334 (1).

Appellants submitted a purported joint affidavit in support of their motion to recuse in which they contended that the judge exhibited bias because her April 23, 2014 dismissal order (that was later vacated) contained an erroneous finding regarding one of the reasons the court reporter would not begin transcribing the trial without payment in full. They further cite as evidence of bias the judge's comments at the hearing on the motion to dismiss about the court reporter's reasons for requiring a deposit and the consequences of the delayed appeal for all parties, including Appellants, who had not yet cashed the check they received from Alfa in satisfaction of their judgment. The affidavit also maintained that the April 23 dismissal order was unsubstantiated.

"In order to disqualify the judge, the alleged bias must stem from an extra-judicial source and result in an opinion based on something other than what the judge learned from participating in the case." (Footnote omitted.) *Henderson v. McVay*, 269 Ga. 7, 9 (2) (494 SE2d 653) (1998). Appellants' affidavit fails to allege that any of the trial judge's statements at the hearing on the motion to dismiss were based on anything other than what she had learned from participating in the case, and their contentions, true or not, that the trial court erred in its findings of fact or conclusions of law in the April 23, 2014 dismissal order provide no legal basis for

6

recusal. See *Schlanger v. State*, 297 Ga. App. 785, 786 (678 SE2d 190) (2009) ("[A] merely erroneous order cannot by itself justify the grant of a motion to recuse."). The trial court did not err in denying the motion to recuse.

2. Appellants argue that the trial court erred in dismissing their appeal pursuant to OCGA § 5-6-48 (c). We review the trial court's dismissal for an abuse of discretion. *Pistacchio v. Frasso*, 314 Ga. App. 119, 121 (723 SE2d 322) (2012).

(a) *Failure to timely file trial transcript.* A trial court is authorized to dismiss an appeal based upon a delay in filing a transcript only if all three criteria in OCGA § 5-6-48 (c) are satisfied: (1) the delay in filing is unreasonable; (2) the delay in filing was inexcusable; and (3) the delay in filing was caused by the appellant. *Pistacchio v. Frasso*, 309 Ga. App. 583, 583-584 (711 SE2d 98) (2011). As we have explained,

> OCGA § 5-6-41(c) provides that where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense. OCGA § 5-6-42 elaborates on this duty, specifying that the appellant must file the transcript within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39.

(Citation and punctuation omitted.) *Ashley v. JP Morgan Chase Bank, N.A.*, 327 Ga. App. 232, 234-235 (1) (758 SE2d 135) (2014). A delay of greater than 30 days in

7

filing a transcript is "prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation and punctuation omitted.) *Pistacchio*, supra, 314 Ga. App. at 121.

(i) The threshold question of whether a delay is unreasonable "refers principally to the length and effect of the delay rather than the cause of the delay." (Citation and punctuation omitted.) *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006). "Generally, a delay is unreasonable if it affects an appeal, either by directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity, or by causing the appeal to become stale, for instance by delaying docketing and hearing in this court." (Citation and punctuation omitted.) Id.

The trial transcript was finally filed in the trial court on or about August 8, 2013, after the motion to dismiss was filed and granted and some four and a half months after Appellants filed their initial notice of appeal.[1] The docket for the September term in the Court of Appeals closed on August 15, 2013. See Court of

---

[1] In her February 26, 2013 letter, the court reporter estimated that it would take her 90 days to complete the transcript, and based on such estimate, it would have been ready by late May had it been ordered at that time.

Appeals Rule 12. Any assertion that, absent the dismissal order, the record could have been prepared and transmitted in time to be docketed to the September term would rest on speculation. This is especially so given that, before transmittal could occur, the trial court's clerk would have to bill Appellants for additional costs and receive payment. See OCGA § 15-6-80; *Pistacchio*, supra, 314 Ga. App. at 122 (whether trial court clerk would have transmitted record to this Court for docketing to September term when transcript was filed five days before August 15 and costs were paid three days before August 15 was conjecture). As such, Appellants are unable to overcome the presumption in this case that the delay in filing the trial transcript was unreasonable, and the trial court did not err in finding the delay unreasonable. See id. (delay of almost three months "discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date"); *Roy v. Shetty*, 274 Ga. App. 8, 9-10 (1) (616 SE2d 208) (2005) (110-day delay unreasonable).

(ii) Appellants' principal argument is that they did not cause the delay in filing the transcript. They first argue that the trial court was required to find that they were not responsible for the delay because the court reporter initially advised them that the cost of transcribing the trial would be $4,700 but, in fact, the actual cost was

9

$3,326.56. They maintain that they were willing and able to pay that amount, and had they received an accurate estimate, no delay would have ensued. The record reflects that Appellants made these assertions for the first time in their second motion for reconsideration of the dismissal order, which failed to include any supporting evidence. As such, they provide no basis for disturbing the trial court's conclusion that Appellants caused the delay in filing the transcript. See *Toombs v. Meyer M. Cardin Living Trust No. 2*, 279 Ga. App. 682, 684 (1) (632 SE2d 410) (2006) ("This court will not consider factual assertions in the brief unsupported by the record.") (citation and punctuation omitted).

Appellants also challenge a finding of fact in the dismissal order regarding one of the reasons the court reporter initially required up front payment for the trial transcript. In the dismissal order, the trial court stated: "As the court reporter had not been timely paid for the takedown in February by the plaintiffs and they were now unrepresented, she was unwilling to begin work without payment." One of the exhibits to Appellants' response to the motion to dismiss is the court reporter's February 19, 2013 invoice, addressed to Appellants' trial counsel, for $484.05 for Appellants' portion of the cost of taking down the trial. The invoice bears a notation "paid in full 05-09-13." While the record reflects that Appellants did not promptly

pay the court reporter for their portion of the take-down fee, neither party argued or presented any evidence in the trial court that the court reporter requested an advance deposit because of a delay in paying that fee; rather, it was undisputed that the court reporter was concerned about Appellants' *pro se* status. As such, the trial court erred in finding otherwise.

Nonetheless, as the dismissal order correctly finds, the court reporter advised Appellants of the cost of the transcript on February 26, 2013, yet they did not work out a payment arrangement and make a payment toward the transcript until May. While we have held that "[a]ppellants are not accountable for delays caused by clerks of court or court reporters after the transcript has been ordered properly," *Morrell v. Western Svcs.*, 291 Ga. App. 369, 373 (2) (662 SE2d 215) (2008) (citation and punctuation omitted), Appellants did not properly order the transcript until after the 30-day period set forth in OCGA § 5-6-42 had elapsed. Further, as the trial court found, Appellants failed to request an extension of time to file the transcript until after Appellees filed their motion to dismiss. Given the foregoing facts, the trial court was authorized to conclude that despite their change of counsel after trial, Appellants' delay in determining whether they needed the transcript and in working out a payment

11

arrangement to get it was inexcusable and caused the delay in filing the transcript.[2]

See *Roy v. Shetty*, 274 Ga. App. 8, 10 (2) (616 SE2d 208) (2005) (trial court did not err in concluding that delay was inexcusable and caused by appellant notwithstanding appellant's contention that he could not afford the transcript and could not come to terms with the court reporter; appellant did not notify trial court in timely fashion of alleged poverty or apply for extension of time in which to file the transcript); *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996) (trial court was authorized to conclude that plaintiff's delay of over a month in attempting to resolve dispute with court reporter over cost of transcript and failure to request a further extension after first extension expired inexcusably caused delay in filing transcript).

(iii) Notwithstanding the trial court's factual error, discussed above, we cannot conclude that the trial court abused its discretion in finding that Appellants' appeal should be dismissed. The trial court was correct in finding that a significant delay occurred with respect to Appellants' payment of their portion of the take-down fee

---

[2] We also note that, while Appellants asserted below that they had trouble affording the transcript, their counsel admitted at the motion to dismiss hearing that they were not indigent. See *Plumides v. American Engines & Transmissions*, 227 Ga. App. 885 (490 SE2d 552) (1997) (trial court authorized to find delay inexcusable; trial court's order reflected that although appellant claimed he could not afford transcript, appellant admitted he did not qualify as a pauper).

for the trial, and this fact was relevant in assessing the Appellants' course of conduct and level of diligence in pursuing their appeal. The trial court was incorrect only to the extent it concluded that the delay in paying the take-down fee was one reason that the court reporter was unwilling to transcribe the trial without advance payment in full. Under the circumstances and in view of the trial court's order as a whole, we cannot conclude that trial court's erroneous finding was sufficiently material to require us to find an abuse of discretion and to remand the case. See *In the Interest of R.W.*, 315 Ga. App. 227, 232 (3) (c) (726 SE2d 708) (2012) ("[A]n abuse of discretion occurs where the trial court significantly misapplies the law or clearly errs in a *material* factual finding.") (emphasis supplied; footnote and punctuation omitted).

(b) *Delay in paying costs.* Given our disposition in Division 1 (a) (iii) above, we need not determine whether the trial court erred in determining that the appeal was also subject to dismissal based on Appellants' delay in paying costs. See *In the Interest of C. F.*, 255 Ga. App. 93, 95 (2) (564 SE2d 524) (2002).

3. Although Appellants argue that the trial court should have granted their motions to recuse that were filed after the trial court entered its dismissal order, their enumeration of error presents nothing for our review. *Hipple v. Simpson Paper Co.*,

13

234 Ga. App. 516, 517 (2) (507 SE2d 156) (1998) ("Without an order of the trial judge ruling either for or against [appellant's] motion, there is nothing for this court to pass on in that respect.").

*Judgment affirmed. McFadden and Ray, JJ., concur.*