**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J., and BROWN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 28, 2021**

# In the Court of Appeals of Georgia

A20A1775. SDM INVESTMENTS GROUP, LLC, et al. v. HBN
    MEDIA, INC.

A20A1776. SDM INVESTMENTS GROUP LLC, et al. v. HBN
    MEDIA, INC.

A20A2036. HBN MEDIA, INC. v. SDM INVESTMENTS GROUP
    LLC, et al.

DILLARD, Presiding Judge.

These consolidated appeals arise from an action filed by HBN Media, Inc.

against SDM Investments Group; Scott Miller, one of HBN's initial investors and

SDM's principal; and Ed Laine, one of Miller's business partners.[1] Specifically, HBN

sued the defendants, alleging breach-of-contract claims and violations of the Georgia

---

[1] For ease of reference, SDM Investments Group, Scott Miller, and Ed Laine are collectively referred to as the "defendants" throughout this opinion.

Trade Secrets Act of 1990. Following a bench trial, the trial court found in HBN's favor, awarding it nominal damages and attorney fees.

In Case No. A20A1775, the defendants appeal that judgment, arguing the trial court erred in (1) finding that Miller signed an initial confidentiality agreement in his personal capacity; (2) concluding that they breached a second confidentiality agreement; (3) determining that HBN maintained reasonable steps to keep the information at issue confidential; and (4) awarding HBN attorney fees. In Case No. A20A2036, HBN appeals the denial of its motion to dismiss the appeal in Case No. A20A1775, arguing that the trial court erred in finding (1) the defendants' delay in filing the trial transcript was reasonable; (2) the delay was not solely caused by the defendants; (3) the delay was excusable because the defendants believed the transcript had been filed and had not received notice from the court that it needed to be filed; and (4) the requirement that a transcript be timely filed does not apply when there is a pending motion for attorney fees. Finally, in Case No. A20A1776, the defendants challenge the trial court's denial of a motion they filed, which sought reimbursement for Laine's attorney fees and costs. For the reasons set forth *infra*, we reverse in Case No. A20A2036, dismiss Case No. A20A1775, and affirm in Case No. A20A1776.

2

The record shows that HBN[2] operates a website for teams of real estate agents and handles "all things electronic and technical for the teams."[3] One of HBN's services is to generate leads for real estate agents for potential home buyers, many of whom also have a home to sell. Prior to HBN's formation, a conference call was held with potential investors, including Miller. An advisory board was also established for HBN, and Miller was appointed to be one of its members. Thereafter, the advisory board held a meeting, at which all of the attendees—including Miller—were required to sign a nondisclosure agreement because HBN's founder did not want the information being discussed to find its way into the marketplace and result in similar platforms being created. Miller ultimately became an investor and received shareholder updates that included information valuable to HBN.

In the end, HBN raised $178,000 to launch its platform; and when it did, SDM also became an investor. In association with SDM's investment, Miller executed documents on behalf of SDM in a subscription package, which included a

___

[2] In its order, the trial court sometimes refers to HBN as "Cinc."

[3] As discussed more fully *infra*, the defendants, in an amended notice of appeal, specifically emphasized that the trial transcript should *not* be included in the appellate record. Absent that transcript, we glean the underlying facts necessary for context and to resolve this appeal from the trial court's detailed 54-page order.

3

confidentiality agreement. It is undisputed that Miller forwarded three shareholder updates to Daniel Reed, his business partner in V-4 Software, a competitor of HBN. Miller acknowledged that he should not have forwarded this information to anyone and that he did not have permission to do so. The information in the shareholder updates was confidential, including, *inter alia*, revenue, metrics, goals, and a net promoter score.[4] Miller and Reed then used contractors in China to form V-4 Software.

Based on the foregoing, HBN filed a complaint against SDM, Miller, and Laine, alleging, *inter alia*, breach-of-contract claims with respect to the two confidentiality agreements and violations of Georgia's Trade Secrets Act of 1990.[5] Following a bench trial, the trial court entered its judgment, awarding HBN $20,000 in nominal damages and $241,250 in attorney fees and costs of litigation. The defendants appeal that judgment in Case No. A20A1775, raising the enumerations of error set forth *supra*.

---

[4] A net promoter score "is a management tool used as a measure of customer satisfaction and has been shown to correlate with revenue growth relative to competitors." https://en.wikipedia.org/wiki/Net_Promoter (last visited January 25, 2021).

[5] *See* OCGA § 10-1-760.

4

Several months following the final judgment, HBN filed a motion to dismiss the foregoing appeal because, although the defendants' notice of appeal indicated that a trial transcript would be included in the appellate record, they had yet to file the transcript. The defendants responded to HBN's motion, and the trial court held a hearing on the matter. Ultimately, the trial court denied HBN's motion to dismiss the appeal, and HBN appeals that order in Case No. A20A2036.

Finally, although Laine was initially named as a defendant, he was ultimately dismissed from the case prior to trial. Even so, the defendants subsequently filed a motion for Laine to be awarded attorney fees and costs, which the trial court denied. And in Case No. A20A1776, the defendants challenge that decision.

*A20A2036*

1. In several claims of error, HBN argues that the trial court abused its discretion in denying its motion to dismiss the defendants' appeal of the trial court's final judgment in its favor because their failure to timely file the trial transcript was unreasonable and inexcusable. We agree.

Although trial courts have "wide discretion when ruling on a motion to dismiss an appeal based on a failure to timely file a transcript, that discretion is not

5

unlimited."[6] So, with this deferential standard of review in mind, we turn to the case at hand.

OCGA § 5-6-48 (c) provides that

[n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.

As to a trial court's dismissal of an appeal, our Supreme Court has held that "[a] delay in excess of 30 days in filing a transcript after a notice of appeal is filed is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[7] And in evaluating the threshold question of whether the delay was

---

[6] *Newton v. Freeman*, 353 Ga. App. 704, 707 (1) (839 SE2d 203) (2020) (punctuation omitted); *accord Mercer v. Munn*, 321 Ga. App. 723, 725 (1) (742 SE2d 747) (2013); *Morrell v. Western Svcs.*, 291 Ga. App. 369, 370 (662 SE2d 215) (2008); *Coptic Const. Co. v. Rolle*, 279 Ga. App. 454, 456 (631 SE2d 475) (2006).

[7] *Kelly v. Dawson Cty.*, 282 Ga. 189, 189 (646 SE2d 53) (2007) (punctuation omitted); *accord HTTP Hypothermia Therapy v. Kimberly-Clark Corp.*, 330 Ga. App. 857, 859-60 (1) (768 SE2d 542) (2015); *Adams v. Hebert*, 279 Ga. App. 158, 159

unreasonable, "we consider both the length and effect of the delay."[8] This Court will also consider *any* delay in transmitting the appellate record unreasonable when it may affect an appeal by:

> (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.[9]

---

(630 SE2d 652) (2006).

[8] *HTTP Hypothermia Therapy*, 330 Ga. App. at 860 (1); *accord Pistacchio v. Frasso,* 314 Ga. App. 119, 121 (723 SE2d 322) (2012); *Am. Nat. Prop. & Cas. Co. v. Potts*, 243 Ga. App. 645, 646 (534 SE2d 123) (2000); *see Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992) ("The threshold question whether the delay was unreasonable refers principally to the length and effect of the delay." (punctuation omitted)).

[9] *HTTP Hypothermia Therapy*, 330 Ga. App. at 860 (1); *accord Mercer*, 321 Ga. App. at 726 (1) (punctuation omitted); *Pistacchio,* 314 Ga. App. at 121-22; *Vaughn v. Faulkner*, 288 Ga. App. 798, 798-99 (655 SE2d 686) (2007).

Indeed, we have repeatedly recognized that "justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed."[10]

In this case, the trial court entered its judgment in favor of HBN on May 10, 2019, awarding it nominal damages, attorney fees, and costs of litigation. The defendants filed a timely notice of appeal from that judgment on June 7, 2019,[11] which noted, *inter alia*, that the "[t]ranscript of evidence and proceeding will be filed for inclusion in the record on appeal." Under such circumstances, the trial transcript was due to be filed by July 7, 2019 (*i.e.*, 30 days later), and any delay past that date would be considered *prima facie* unreasonable and inexcusable.[12] But on December 17, 2019, when the defendants had *still* not filed a trial transcript, HBN filed a motion to dismiss their appeal. Specifically, HBN argued that the appeal should be dismissed because the defendants were required to file the transcript by July 7, 2019, at least

---

[10] *Newton*, 353 Ga. App. at 708 (1) (punctuation omitted); *accord HTTP Hypothermia Therapy*, 330 Ga. App. at 860 (1); *Ashley v. JP Morgan Chase Bank, N.A.*, 327 Ga. App. 232, 237 (1) (758 SE2d 135) (2014); *Bush v. Reed*, 311 Ga. App. 328, 332 (a) (715 SE2d 747) (2011); *Adams*, 279 Ga. App. at 159.

[11] *See* OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . .")

[12] *See supra* note 7 & accompanying text.

8

two terms of this Court had passed since that due date, and the defendants never requested an extension of time to file the transcript. HBN also maintained that the defendants' five-month delay in failing to file the transcript was unreasonable and inexcusable.[13] And in support of this contention, HBN presented evidence that the transcript was prepared as of January 3, 2019, months before the defendants were required to file it. Then, on February 21, 2020, two months *after* HBN filed its motion to dismiss the appeal, the defendants—rather than filing the transcript—filed an amended notice of appeal, which emphasized that "Transcript of evidence and proceedings is *not* required for inclusion in the record on appeal."[14]

---

[13] The five-month delay HBN references was not the length of time it took the defendants to file the transcript after it was due. Instead, it was merely the time between when the transcript was due to be filed and when HBN filed their motion to dismiss the appeal because it had still *not* been filed.

[14] In its supplemental brief filed after oral argument, other than reasserting arguments raised in its initial brief, SDM argues that HBN's appeal in Case No. A20A2036 must fail because it did not file a complete record with this Court. Specifically, SDM argues that HBN did not provide this Court with a brief that was "hand-filed with the [trial] court" at the hearing on HBN's motion to dismiss the appeal and that HBN should have filed a motion to supplement the record with the brief under Court of Appeals Rule 41 (c). But SDM ignores that it could have filed such a motion if it believed the brief was necessary on appeal. *See* Ct. App. R. 41 (c) (providing that "counsel" is permitted to file a motion to supplemental record without limiting the rule to counsel for a particular party). Additionally, we need not address this argument because SDM raises it for the first time in its supplemental brief. *See We Care Transp., Inc. v. Branch Banking & Tr. Co.*, 335 Ga. App. 292, 296 (2) (780

The defendants responded to HBN's motion, and the trial court held a hearing on the matter. Thereafter, on April 8, 2020—*eleven months* after its final judgment—the trial court denied HBN's motion to dismiss the appeal. In doing so, the trial court found that (1) the defendants paid the costs for the appeal; (2) their counsel subjectively believed that paying for the transcript and having a discussion with the stenographer *at trial* caused the trial transcript to be filed; (3) a notice the court sent to the defendants' counsel "with notice for filing the transcript" was returned to the court for an excusable address issue; (4) a delay in HBN filing the trial exhibits was not solely the fault of the defendants and served to delay docketing of the appeal; (5) the transcript had been filed in the trial court at least by the time of its April 8 order; and (5) HBN "continued to litigate the matter in the trial court, which also delayed the docketing of the appeal."

But none of the foregoing findings by the trial court are sufficient excuses under Georgia law for significantly delaying the docketing of an appeal. Importantly, after failing to file the transcript for five months, the defendants waited *two additional months* after HBN filed its motion to dismiss the appeal to inform the court

SE2d 782) (2015) (declining to address an argument raised for the first time in a supplemental brief). Lastly, SDM has not identified anything contained in the brief that would alter the resolution of this appeal.

that a transcript was suddenly no longer necessary for the appeal. And despite the trial court's findings to the contrary, paying for a transcript and subjectively believing it had been filed does not relieve an appellant of its obligation to actively ensure that a transcript was filed or to, at a minimum, request an extension to file it. Apparently, the defendants relied solely on a conversation their attorney had with the court reporter at trial in believing the transcript had been filed; but we have repeatedly held that it is not the court reporter's responsibility to ensure a transcript is filed.[15] So, while it is certainly true that the court's notice to the defendants of the need to file the transcript was not received due to an excusable address issue, an appellant is not entitled to such a notification before satisfying its statutory duty to timely file a

[15] *See Ashley*, 327 Ga. App. at 237 (1) ("The statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript is vested upon the appropriate appealing party. It would create an unacceptable and impractical burden on the court reporter's office to require them to contact attorneys or parties and report on the status of all ordered transcripts." (punctuation omitted)); *In the Interest of T. H.*, 311 Ga. App. 641, 644 (716 SE2d 724) (2011) (same); *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 501 (458 SE2d 377) (1995) (same). *Cf. Gordon v. Dennis*, 347 Ga. App. 110, 114 (1) (817 SE2d 561) (2018) ("[A] delay in the filing of a transcript is excusable when there is evidence that it was caused by the backlog of the court reporter rather than by an act or omission of the appellant."). In this case, the transcript was prepared by the court reporter on January 3, 2019, *seven months* before the defendants were required to file it. So, while a delay in filing a transcript based on a court reporter's backlog is excusable, there was no backlog in this case. The defendants never followed up with anyone to ensure the transcript was filed.

transcript.[16] Additionally, the trial court's finding that, as of its April 2020 order (almost *ten months* after the transcript was due to be filed and *two months* after the defendants notified the court that the transcript was no longer necessary), the transcript had ultimately been filed does not excuse the defendants from the requirement that they file it in a *timely* manner. Were it otherwise, an appellant could wait as long as it wanted to file a transcript as long as it did so before the trial court ruled on the motion to dismiss.[17] And significantly, the defendants *never* requested an extension to file the transcript.[18]

---

[16] *Cf. Kelly*, 282 Ga. at 190 ("[The appellant] . . . seeks to shift responsibility for the tardiness in filing the transcript by asserting it had been sent to the wrong attorney, but did not establish on the record how that error prevented the timely filing . . . ."); *Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 677 (4) (530 SE2d 800) (2000) (holding that a delay in filing a transcript was inexcusable when appellant forgot to "check to see" if the transcript would be filed within 30 days of the notice of appeal, forgot to request an extension to file it, and did not check on the status of the transcript).

[17] *See ACCC Ins. Co. v. Pizza Hut of America, Inc.*, 314 Ga. App. 655, 658 n.4 (2012) ("But [the appellant] only amended the notice of appeal . . . approximately five months after the notice of appeal was filed . . . and so its amendment does not alter our analysis of whether the delay in filing the transcript was unreasonable.").

[18] *See Pistacchio,* 314 Ga. App. at 121 ("[T]he failure to obtain the required extension of time is one of the factors considered in whether a delay in filing a transcript is unreasonable and inexcusable." (punctuation omitted)); *In the Interest of T. H.*, 311 Ga. App. at 643 ("Although a failure to timely request an extension, standing alone, is not sufficient to justify dismissal of an appeal, it is one of the

12

Furthermore, there is no evidence to support the trial court's finding that anyone other than the defendants was responsible for delaying the docketing of their appeal. Indeed, even if HBN was late in filing certain exhibits, the defendants could have asked for an extension of time to file the transcript or filed the transcript without the exhibits and moved to supplement the appellate record later.[19] Also, presumably, no trial exhibits were necessary for the appeal when the defendants do not even believe the trial transcript itself was needed. Moreover, it is unclear exactly what the trial court meant when it found that HBN continued to *litigate* the matter in the trial court *after* the final judgment was entered. But regardless, the trial court lost jurisdiction to amend or alter its final judgment after the notice of appeal was filed,

---

factors considered in determining whether a delay in filing a transcript is unreasonable and inexcusable."); *Morrell*, 291 Ga. App. at 373 (2) ("[F]ailure to obtain the required extension of time is one of the factors considered in whether a delay in filing a transcript is unreasonable and inexcusable.").

[19] *See Damani v. State*, 284 Ga. 372, 373 (1) (667 SE2d 372) (2008) ("[W]hen it was discovered portions of the record had not been transmitted for appeal, either party could have moved to supplement the record in the trial court as long as the motion was made prior to the appellate decision or . . . *in the Court of Appeals* before or after it rendered its decision." (emphasis supplied)); *In the Interest of T. H.*, 311 Ga. App. at 643 (noting that an attorney acknowledged that a transcript could have been filed without exhibits). HBN claims that it was not asked to provide any exhibits for the appeal until January 6, 2020, six months after the transcript was due to be filed.

and as a result, any post-judgment filings or motions by HBN had no effect on when the appeal was ultimately docketed.[20] Suffice it to say, the evidence plainly shows that the defendants are *solely* responsible for the seven-month delay between when the transcript was due to be filed and when they eventually informed the court *not* to include a transcript in the record on appeal.

Lastly, the trial court—without explanation—summarily concluded that HBN was not prejudiced by the substantial delay at issue, but "a delay is unreasonable if it affects an appeal either by directly prejudicing the position of a party by allowing an intermediate change of conditions *or* otherwise resulting in inequity, *or* by causing the appeal to become stale, for instance by delaying docketing and hearing in this

---

[20] *See Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006) ("[T]he filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (punctuation omitted)); *Fred Jones Enters, LLC v. Williams*, 331 Ga. App. 481, 483 (1) (771 SE2d 163) (2015) ("A notice of appeal divests the trial court of jurisdiction to supplement, amend, alter, or modify the judgment while the appeal of that judgment remains pending." (punctuation omitted)). According to the defendants, HBN attempted to continue litigating the case by seeking to "amend the [j]udgment to add legal fees." But as just discussed, the trial court lacked jurisdiction to amend its judgment after the defendants filed their notice of appeal on June 7, 2019.

Court."[21] And in this case, the defendants' notice of appeal was filed on June 7, 2019, but the appeal was not docketed in this Court until April 29, 2020. This means that if the defendants had timely filed the transcript on July 7, 2020, their appeal could have been docketed in this Court's 2019 April term of court. But because they failed to update their notice of appeal until February 21, 2020, the appeal was not docketed until the *2020* April term of court.[22] So, even if there were no *direct* prejudice to HBN, the seven-month delay was still unreasonable as it delayed docketing for at

---

[21] *Newton*, 353 Ga. App. at 709 (1) (punctuation omitted); *accord State v. Brienza*, 350 Ga. App. 672, 679 (1) (829 SE2d 894) (2019); *Postell v. Alfa Ins. Corp.*, 332 Ga. App. 22, 25 (2) (a) (i) (772 SE2d 793) (2015); *Ashley*, 327 Ga. App. at 235 (1); *Bush*, 311 Ga. App. at 331-32 (a); *Adams*, 279 Ga. App. at 159.

[22] The Court's terms—including any motion for reconsideration period—are as follows: (1) the December term begins the first Monday in December and ends March 31 the following year; (2) the April term begins the first Monday in April and ends July 17; and (3) the August term begins the first Monday in August and ends November 18. *See* Ct. App. R. 12.

least one term of Court.[23] Given the foregoing, the trial court abused its discretion in denying HBN's motion to dismiss the appeal at issue (*i.e*, Case No. A20A1775).[24]

---

[23] *See Brienza*, 350 Ga. App. at 679 (1) (holding that five-month delay in filing transcript was unreasonable when it delayed docketing in this Court); *Postell*, 332 Ga. App. at 26 (2) (a) (i) (holding that four-and-a-half-month delay was unreasonable and delayed docketing in this Court); *Ashley*, 327 Ga. App. at 235-37 (1) (holding that eight-month delay caused appeal to be docketed at least one term later than it should have been docketed); *McAlister v. Abam-Samson*, 318 Ga. App. 1, 6-7 (2) (733 SE2d 58) (2012) (concluding that delay resulted in docketing for a later term of court); *Pistacchio*, 314 Ga. App. at 122 ("The [three-month] delay here discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date."); *Bush*, 311 Ga. App. at 332 (a) (holding that ten-month delay "prevented the case from being docketed and heard in the earliest possible appellate term of court"); *Morrell*, 291 Ga. App. at 374 (2) (holding that 51-day delay caused delay of appeal from one term to another); *Adams*, 279 Ga. App. at 159 (concluding that 150-day delay resulted in delayed docketing from one term to another).

[24] *See Brienza*, 350 Ga. App. at 679-80 (1) (reversing trial court's denial of appellant's motion to dismiss State's appeal in light of the five-month delay in filing transcript and the fact that State failed to show that such delay was not unreasonable or inexcusable); *Mercer*, 321 Ga. App. at 726-27 (1) (reversing trial court's denial of psychiatrist's motion to dismiss patient's appeal given that patient failed to present evidence to rebut the presumption of unreasonableness arising from the delay of more than a year, and delay discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date); *Coptic Constr. Co., Inc.*, 279 Ga. App. at 456-57 (reversing trial court's order denying homeowner's motion to dismiss contractor's appeal given latter's inexcusable delay of more than nine months in filing the transcript, which delayed just disposition of case); *Am. Nat. Prop. & Cas. Co.*, 243 Ga. App. at 646–47 (finding that a month-and-a-half delay in filing a transcript was unreasonable and prevented docketing of the appeal on the earliest possible calendar); *Lemmons v. Newton*, 269 Ga. App. 880, 882 (605 SE2d 626) (2004) (affirming dismissal of appeal where the

2. Based upon our holding in Division 1 *supra*, this related appeal is dismissed.[25]

*A20A1776*

3. Finally, the defendants argue that the trial court abused its discretion in denying their motion to award attorney fees and costs of litigation to Laine—who was

---

appellant did not seek an extension of time for filing the transcript or make inquiries to the court reporter concerning the transcript until after the filing of the appellees' motion to dismiss); *Pirkle v. Bell*, 270 Ga. 438, 438 (510 SE2d 814) (1999) (affirming the trial court's dismissal of an appeal when three-month delay was caused by appellant's designation in the notice of appeal that a non-existent transcript would be included in the record and on appellant's failure to check on the status of the appeal); *Hameed v. Hall*, 234 Ga. App. 890, 892 (1) (508 SE2d 680) (1998) (holding that a 72-day delay in filing a transcript identified in the notice of appeal was unreasonable and inexcusable *regardless of whether that transcript was necessary*); *Jackson*, 217 Ga. App. at 503-04 (2) (holding that the trial court abused its discretion in denying appellee's motion to dismiss the appeal when, although the appellant sought and was granted numerous extension, they did not follow up with the court reporter to determine the transcript preparation status for a five-month period).

[25] *See, e.g, Newton*, 353 Ga. App. at 710 (2) (dismissing the related appeal after holding the trial court abused its discretion in denying the appellee's motion to dismiss that appeal); *Mercer*, 321 Ga. App. at 727 (2) (same); *Coptic Const. Co.*, 279 Ga. App. at 457 (same); *Jackson*, 217 Ga. App. at 503 (same).

dismissed from the case before trial—because HBN had no factual basis to pursue any claim against him at any time.[26] We disagree.

On November 30, 2018, prior to trial, HBN voluntarily dismissed Laine from the case *with prejudice* and with the consent of all parties. Approximately seven months later, on June 24, 2019, the defendants filed a motion for Laine to be awarded attorney fees and costs of litigation, arguing that Laine was entitled to such fees and costs up until the time he was dismissed from the case under OCGA § 9-15-14 (a) and (b) because HBN's claims against him were wholly unsupported. Specifically, the defendants contended that because Laine paid half of the fees and costs of the entire litigation incurred until he was dismissed, he was entitled to 50 percent of *all* the fees and costs incurred until that time.

In response to the defendants' motion, HBN primarily argued that it must be denied because it was untimely under OCGA § 9-15-14 (e). Then, on October 2, 2019, the trial court summarily denied the motion. We agree with HBN that the trial court did not abuse its discretion in doing so.

---

[26] In its supplemental brief, SDM argues that a remand in Case No. A20A1776 is warranted because a motion for legal fees involves "intensive factual findings." But because SDM raises this argument for the first time in its supplemental brief, we need not address it. *See We Care Transp., Inc.*, 335 Ga. App. at 296 (2) (declining to address an argument raised for the first time in a supplemental brief).

18

OCGA § 9-15-14 (a) provides

In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

And OCGA § 9-15-14 (b) provides:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct . . .

But importantly, OCGA § 9-15-14 (e) provides, "[a]ttorney's fees and expenses this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the *final disposition* of the action."[27] And while the defendants were all parties to the motion for attorney fees, in substance, the

---

[27] (Emphasis supplied).

19

motion only sought fees for Laine because he had been dismissed from the case. The other defendants were *not* dismissed from the case and a judgment was entered against them at trial. Those defendants have never suggested that they are separately entitled to attorney fees under OCGA § 9-15-14.

HBN argues that the defendants' motion for Laine's attorney fees was properly denied as untimely under OCGA 9-15-14 (e). The defendants did not file a reply brief to address this argument, but below they argued that their motion was timely because it was filed within 45 days of the trial court's final judgment after trial. But as noted *supra*, the defendants did not seek attorney fees for Laine until nearly *seven months* after he was dismissed *with* prejudice from the case. And as our Supreme Court has explained, it is "clear that a voluntary dismissal with prejudice constitutes a final disposition of the underlying action only as far as the parties involved in the voluntary dismissal are concerned."[28] Thus, as to Laine, the final disposition of the

_____

[28] *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 272 Ga. 209, 211 (2) (528 SE2d 508) (2000); *accord Mateen v. Dicus*, 286 Ga. App. 760, 761 (2) (650 SE2d 272) (2007). *Cf. Shelley v. Town of Tyrone*, 302 Ga. 297, 308 (3) n.15 (806 SE2d 535) (2017) ("In cases in which there has been a voluntary dismissal of an action with prejudice upon agreement of the parties and accomplished with an order of court, we have held that the dismissal operates as an adjudication upon the merits and bars the right to bring another action on the same claim against the same parties." (punctuation omitted)); *WPD Ctr., LLC v. Watershed, Inc.*, 330 Ga. App. 289, 290 (1) (a) (765 SE2d 531) (2014) ("For purposes of res judicata, a voluntary dismissal with

20

case was when he was dismissed with prejudice prior to trial, not when the final judgment was entered *after trial*, during which he was no longer a party to the case. And because the defendants waited seven months to file a motion, requesting attorney fees on behalf of Laine only, the motion was untimely. Under such circumstances, the trial court did not err in denying it.[29]

---

prejudice operates as an adjudication on the merits."); *Nat'l Found. Co. v. Post, Buckley, Schuh & Jernigan, Inc*., 219 Ga. App. 431, 432 (1) (465 SE2d 726) (1995) ("As a general rule, voluntary dismissal with prejudice particularly when entered with trial court approval of an entire suit constitutes a form of 'final judgment' under the appellate practice act." (punctuation omitted)).

[29] *See Fairburn Banking Co. v. Gafford*, 263 Ga. 792, 794 (439 SE2d 482) (1994) ("[T]here is a 'window of opportunity' for seeking attorney fees under OCGA § 9-15-14 which begins with the entry of final judgment . . . and ends 45 days later. Since the motion which the trial court granted in the present case was not filed within that window of opportunity, the trial court lacked jurisdiction to consider it."); *Horesh v. DeKinder*, 295 Ga. App. 826, 831 (2) (673 SE2d 311) (2009) ("Because the [appellees] failed to move for attorney fees [under OCGA § 9-15-14] within 45 days following the trial court's entry of judgment . . . , their motion was untimely. Accordingly, the order of the trial court granting the [appellees'] motion is reversed."); *Gist v. DeKalb Tire Co*., 223 Ga. App. 397, 398 (1) (477 SE2d 616) (1996) ("Because the trial court's order of dismissal was final . . . , [the appellee's] OCGA § 9-15-14 motion should have been filed within the following 45-day window. In light of [the appellee's] failure to meet this deadline, the trial court erred in holding that [the] motion was timely."); *see also Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983) ("A dismissal with prejudice operates as an adjudication on the merits. It is a final disposition. It bars the right to bring another action on the same claim or cause.").

*Judgment affirmed in Case No. A20A1776; dismissed in Case No. A20A1775; and reversed in Case No. 20A2036. Rickman, P. J., and Brown, J., concur.*