## A96A1161. MILLER v. THE STATE.
(475 SE2d 690)

POPE, Presiding Judge.

After defendant was charged with burglary, armed robbery, and kidnapping, he filed an affidavit of indigency and the trial court appointed counsel for him. Before trial, however, defendant retained another attorney and his appointed counsel withdrew. Defendant was convicted by a jury, and filed a notice of appeal in which he requested the inclusion of the trial transcript in the record. But defendant failed to pay for the transcript or to take any steps to have the State pay for the transcript. As a result, the transcript was not filed within 30 days after the filing of the notice of appeal as required by OCGA § 5-6-42. (Nor did defendant request an extension of time for filing the transcript under OCGA § 5-6-39.)

The State moved to dismiss the appeal and a hearing was held. The court reporter testified that she had finished the transcript one day after the notice of appeal was filed, and had called defense counsel to ask him what to do with it. Counsel told her he was not yet sure

whether defendant would actually be appealing, said he would let her know, and gave no indication that defendant was claiming indigency despite his retention of paid counsel. The court reporter did not hear back from defense counsel, and did not file the transcript. After the hearing, the trial court dismissed the appeal, finding that the delay in filing the transcript was unreasonable, caused by defendant, and inexcusable. See OCGA § 5-6-48.

Here, defendant challenges the dismissal of his appeal, asserting that the State was obligated to supply the transcript because he was indigent. It is true that the State must pay for a trial transcript for an indigent defendant who appeals. See *Clay v. State*, 122 Ga. App. 677 (4) (178 SE2d 331) (1970). Nonetheless, it is the obligation of a defendant/appellant to at least make it known to the trial court that he is indigent, and to request that a transcript be filed and the State billed. Even though defendant had earlier filed an affidavit of indigency, it was reasonable for the trial court to assume he was no longer indigent when he subsequently retained paid counsel who represented him at trial. *Hopkins v. Hopper*, 234 Ga. 236, 238 (3) (215 SE2d 241) (1975) (where defendant is represented by retained counsel at trial, trial court has no duty to inquire as to defendant's indigency and may presume that his retained counsel will protect his appellate rights). In light of defendant's failure to take any steps to ensure the transcript was filed in a timely manner, regardless of who was going to pay for it, the trial court's findings were supported and its dismissal of the appeal was not an abuse of discretion.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED AUGUST 30, 1996 — 

*Michael B. King*, for appellant.
*Robert E. Keller, District Attorney, Marion T. Woodward, Assistant District Attorney*, for appellee.