A11A2301. PISTACCHIO et al. v. FRASSO.

(723 SE2d 322)

BOGGS, Judge.

This is the second appearance of this case before this court. We remanded this appeal in *Pistacchio v. Frasso*, 309 Ga. App. 583 (711 SE2d 98) (2011), because the trial court's grant of the appellee's motion to dismiss failed to make an express finding concerning whether the appellants' delay in filing the transcript was unreasonable. On remand, the trial court made the requisite finding, and now we address the merits of the court's dismissal of the appeal. For the following reasons, we affirm.

The trial court entered a judgment in favor of the appellee, Jerry Frasso, following a jury verdict in favor of Frasso and against Michael Pistacchio and Mary Lou Harris (the appellants) in this breach of contract action. On September 28, 2009, the appellants filed a motion for new trial which the trial court heard on March 4, 2010, and denied on April 19, 2010. The appellants filed a notice of appeal on May 18, 2010, requesting that the transcript of the proceedings be included on appeal, including the March 4, 2010 motion for new trial hearing. On the same day appellants filed the notice of appeal, counsel for the appellants contacted the trial judge's

official court reporter to inquire about the March 4, 2010 hearing transcript, but was unable to reach her and left a message.

The deputy clerk prepared the record and mailed a bill of costs to the appellants in a letter dated June 9, 2010. The bill of costs was return receipt dated for June 10, 2010, and filed on June 11, 2010. The deputy clerk received a call from the appellants' counsel on June 17, 2010 informing her that appellants had received the bill of costs and were waiting on the judge's court reporter to contact them. According to counsel, the deputy clerk advised "that she would wait on the transcript in order to update our final cost bill and would hold the appeal for us." On June 18, the trial judge's official court reporter contacted counsel for the appellants, and explained that another court reporter took down the March 4 hearing, and provided counsel with a phone number for the reporting agency.

On June 18, 2010, the appellants called the court reporter who took down the March 4 hearing, and left her a message. Four days later, on June 22, 2010, the court reporter contacted the appellants and told them she would send them an invoice for the transcript. The appellants received the court reporter's invoice on June 23, and on June 29, sent an e-mail to the court reporter to "find out [the] option for payment for the transcript." Nine days later, after receiving no response, the appellants forwarded payment in full to the court reporter on July 7, 2010. On August 2, 2010, Frasso filed a motion to dismiss the appellants' appeal for failure to pay the bill of costs.

The March 4 hearing transcript was subsequently completed on August 9, 2010, and filed on August 10, 2010. On August 11, 2010, the appellants received a revised copy of the bill costs which they paid on August 12. Frasso amended his motion to dismiss on August 24, 2010, to assert that the appellants also failed to timely file the transcript. Following oral argument by counsel for the parties, the trial court granted the motion to dismiss with regard to the transcript. It was "not persuaded," however, by Frasso's argument with regard to the payment of costs.

In granting the motion, the court found that the appellants "failed to act with the requisite level of diligence" to ensure that the motion for new trial transcript was timely filed. The court found further:

> Even if the [c]ourt were to find that the [c]ourt's official court reporter failed to timely return appellant[s'] phone inquir[ies], the fact remains that the appellant[s] never sought a statutory extension pursuant to OCGA § 5-6-39. . . . While it is true that appellants are not accountable for delays caused by . . . court reporters after the transcript has been

*ordered properly* . . . here, the appellant[s] did not properly order the transcript until well beyond the 30-day window.

The court concluded that the appellants' delay in filing the transcript was unreasonable, inexcusable, and caused by the appellants. The statutory framework relevant here is as follows:

> OCGA § 5-6-41 (c) provides that "where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense." OCGA § 5-6-42 elaborates on this duty, specifying that the appellant must file the transcript within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39. In turn, OCGA § 5-6-48 (c) governs the dismissal of appeals and provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appellant]."

*Bush v. Reed*, 311 Ga. App. 328, 331 (715 SE2d 747) (2011). "In reviewing a trial court's dismissal of an appeal pursuant to OCGA § 5-6-48 (c), this [c]ourt will not disturb the trial court's findings absent an abuse of discretion." (Citation and footnote omitted.) *PJ Svcs. v. Equity Technologies Assoc.*, 295 Ga. App. 214, 215 (671 SE2d 264) (2008).

Here, the transcript was not filed until almost three months after the notice of appeal was filed. "A delay of more than 30 days in filing a transcript as provided by OCGA § 5-6-42 is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation, punctuation and footnote omitted.) *PJ Svcs.*, supra, 295 Ga. App. at 216. And "the threshold question whether the delay was *unreasonable* refers principally to the length and effect of the delay." (Citation and punctuation omitted; emphasis in original.) *Sellers v. Nodvin*, 262 Ga. 205, 206 (1) (b) (415 SE2d 908) (1992).

> [D]elay is unreasonable where it may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; or (b) causing the appeal to be stale, such as, by delaying just disposition of the case, by preventing placement of the case on the earliest possible appellate court

calendar, or by delaying the docketing of the appeal and hearing of the case by an appellate court.

(Citation and punctuation omitted.) *Atlanta Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 536 (562 SE2d 818) (2002). The appellants argue that the delay here was not unreasonable because it did not cause the appeal to be docketed into a later term. They contend that even if they had filed the transcript 30 days from the notice of appeal (June 17), the case would have been docketed for the Court of Appeals September term, as the last day for docketing April term cases was April 15. See Court of Appeals Rule 12. The appellants argue further that the delay here could not be unreasonable because the transcript was filed five days before the Court of Appeals September term docket closed on August 15, and they paid costs to the trial court three days before August 15. See id. The appellants therefore conclude that with or without the delay, the case would have been docketed in the September term. But this conclusion is speculative. Frasso filed a motion to dismiss requiring resolution by the trial court prior to appellants' filing of the transcript. So whether the trial court clerk could have transmitted the record, transcript and notice of appeal to this court within three days is conjecture. See OCGA § 5-6-43 (a) (clerk shall transmit record, transcript, and notice of appeal to appeals court within five days after filing of transcript); but see also OCGA § 15-6-80 (clerk not required to transmit case to appeals court until costs are paid by appellant).

The delay here discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date. See *American Nat. Property & Cas. Co. v. Potts*, 243 Ga. App. 645, 646-647 (534 SE2d 123) (2000) (month and a half delay unreasonable where it prevented placement of case at earliest possible calendar and delayed docketing and hearing); compare *Sellers*, supra, 262 Ga. at 206-207 (1) (b) (eleven-day delay was not unreasonable where record from clerk was not docketed in appeals court for three and one-half months after transcript was filed); *Galletta v. Hillcrest Abbey West*, 185 Ga. App. 20, 22 (1) (363 SE2d 265) (1987) (eleven-day delay in filing transcript did not prevent placement of case on earliest possible calendar or delay docketing). "[J]ustice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed." (Citation and punctuation omitted.) *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006). The appellants have therefore failed to come forward with evidence to rebut the presumption that the delay was unreasonable.

The appellants have also failed to come forward with evidence to

rebut the presumption that the delay was inexcusable. We have held that "[a]ppellants are not accountable for delays caused by clerks of court or court reporters after the transcript has been ordered properly; appellants are held accountable only for delays that they cause." (Citation and punctuation omitted.) *Morrell v. Western Svcs.*, 291 Ga. App. 369, 373 (2) (662 SE2d 215) (2008). The delay here between July 7, 2010, when the appellants submitted payment for the transcript to the court reporter, and August 9, 2010, when the transcript was completed, was not caused by the appellants, but was rather due to the time needed for the court reporter to prepare the transcript. But the remainder of the delay was due to the failure of appellants to timely order the transcript. See id. (appellants not accountable for delays caused by court reporters after transcript has been ordered properly). The appellants did not determine the identity of the court reporter responsible for the transcript until June 18, one day after the 30-day window prescribed by OCGA § 5-6-42. Rather than inquire and determine what court reporter took down the hearing, the appellants wrongly assumed that the hearing was taken down by the trial judge's court reporter. While the appellants argue that they attempted for several weeks to contact the judge's court reporter, they failed to ask for an extension in light of their inability to contact her. And the "failure to obtain the required extension of time is one of the factors considered in whether a delay in filing a transcript is unreasonable and inexcusable." (Citations and punctuation omitted.) Id. Moreover, even after determining the proper court reporter and receiving her invoice for payment, the appellants waited yet another two weeks to submit payment.

Under these circumstances, we cannot say that the trial court abused its discretion in finding that the appellants' delay in filing the transcript was unreasonable, inexcusable and caused by the appellants. See *Kelly v. Dawson County*, 282 Ga. 189, 189-190 (646 SE2d 53) (2007).

*Judgment affirmed. Mikell, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 15, 2012.

*Winter, Capriola & Zenner, Richard J. Capriola, Eric B. Coleman*, for appellants.

*Miles, Patterson, Hansford & Tallant, Dana B. Miles, Wendy W. Kraby*, for appellee.