**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 30, 2014**

# In the Court of Appeals of Georgia

A14A0331. ASHLEY v. JP MORGAN CHASE BANK, N.A. et al.

McMILLIAN, Judge.

Ruth L. Ashley filed suit against JP Morgan Chase Bank, N. A. ("JP Morgan"), McCurdy & Candler, LLC, and McCalla Raymer, LLC (collectively the "Appellees") to set aside the foreclosure sale of her property. The trial court awarded summary judgment to defendants, and Ashley timely filed a notice of appeal. However, the trial court later dismissed her appeal because of a delay in filing the transcript of the proceedings. It is from that dismissal order that Ashley now appeals. For the reasons that follow, we affirm.

The record reflects that Ashley filed her suit against Appellees in August 2011. Shortly thereafter, the parties filed cross-motions for summary judgment , and following two hearings in November and December 2011 , the trial court entered an

order denying Ashley's motion for summary judgment and granting summary judgment to Appellees on September 24, 2012. Ashley then filed her notice of appeal on October 2, 2012, specifically appealing "the Trial Court's entire order of September 26, 2012 in its entirety" and requesting the clerk to "forward its entire file to the Georgia Court of Appeal[s] and exclude nothing from the record, including the transcript of the proceeding."

On October 23, 2012, after issuance of the bill of costs for the record on appeal (in the amount of $1025), Ashley moved to proceed in forma pauperis. The trial court entered an order granting Ashley's motion on January 9, 2013, instructing the clerk to "transmit the record of the within matter to the Georgia Court of Appeals without Plaintiff's payment of the cost bill." But it was not until March 25, 2013 that Ashley first contacted the court reporter who took down the two summary judgment hearings. In her March 25, 2013 letter, Ashley's counsel informed the court reporter that a copy of the transcript for the November 2011 hearing was needed for her appeal and asked her to "advise [her] of the cost of the transcript." Ashley's counsel further asked the court reporter to "let [her] know if the order of Judge Campbell approving the application for Ms. Ashley to proceed in forma pauperis will cover the cost of the transcript."

On March 27, 2013, the court reporter responded to Ashley's counsel via email, notifying her that the cost for the preparation of the November 2011 hearing transcript was estimated to be around $100 and explaining that she did not know whether Judge Campbell's order would cover the cost of the transcript. Ashley's counsel alleges that she did not receive this email because it was sent to her prior email address, which she had changed sometime between the November 2011 hearing and March 2013 when she contacted the court reporter. However, Ashley's counsel took no further steps to pay for the cost of the transcript, order the transcript, or otherwise contact the court reporter.

On June 4, 2013, JP Morgan filed a motion to dismiss Ashley's notice of appeal, arguing that Ashley failed to timely file the transcripts designated in her notice of appeal for inclusion in the record. JP Morgan's motion was supported by an affidavit of the court reporter. Finally, after receiving the motion to dismiss, Ashley's counsel submitted payment, via letter dated June 11, 2013, to the court reporter for the cost of the November 2011 hearing transcript. In her letter, Ashley's counsel called the court reporter's affidavit into question, stating, "Although you maintain in your affidavit that you forwarded an email to my attention on March 25, 2011, I did not receive the email as the email address that you used is not a valid email for me or

3

my office and was not an email address that I provided to you at any time during the course of this case." The court reporter responded, confirming that she would complete the transcript within two to three weeks, and attached a copy of the business card that Ashley's counsel had provided to her at the November 2011 hearing which showed the email address that the court reporter had used to respond to her original inquiry in March 2013.

On July 3, 2013, Ashley filed the November 2011 hearing transcript , and on July 5 and July 22, 2013, Ashley filed various oppositions to JP Morgan's motion to dismiss. On September 4, 2013, the trial court entered an order granting the motion and dismissing Ashley's notice of appeal, making the following findings:

> Plaintiff did not contact the court reporter to make arrangements for the preparation of the transcript until March 25, 2013, almost six (6) months after filing the Notice of Appeal, and did not pay for the preparation of the transcript until June 11, 2013. Plaintiff never moved this Court for an extension of time to file the transcript. The transcript was not filed until July 3, 2013, 274 days after Plaintiff filed her Notice of Appeal.

> The Court further finds that these delays were caused by Plaintiff's failure to timely make arrangements for the preparation of the transcript, her failure to timely pay for the transcript, and her complete lack of diligence in ensuring the timely completion and filing of the transcript.

The Court further finds that the delay was unreasonable and inexcusable, and was due solely to the actions and inactions of the Plaintiff.

1. In her first and second enumerations of error, Ashley argues that the trial court erred in dismissing her appeal by failing to consider her indigent status and Uniform Superior Court Rule 41.3.

> Numerous conditions on appellate practice concern filing a transcript of the trial court proceedings. OCGA § 5-6-37 requires that the notice of appeal shall state whether or not any transcript of evidence and proceedings is to be transmitted as part of the record on appeal. OCGA § 5-6-41 tells litigants how to obtain a transcript of their trial . . . or prepare statements of recollections concerning the record in lieu of a transcript.

*In the Interest of D. M. C.*, 232 Ga. App. 466, 467 (2) (b) (501 SE2d 305) (1998). In addition,

> OCGA § 5-6-41 (c) provides that where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense. OCGA § 5-6-42 elaborates on this duty, specifying that the appellant must file the transcript within 30 days after the filing of the notice of appeal unless the time is extended as provided by OCGA § 5-6-39.

(Citation and punctuation omitted.) *Pistacchio v. Frasso*, 314 Ga. App. 119, 121 (723 SE2d 322) (2012).

A trial court's ruling on whether an appeal is subject to dismissal will be reversed only for an abuse of discretion. *McAlister v. Abam-Samson*, 318 Ga. App. 1, 2 (733 SE2d 58) (2012). OCGA § 5-6-48 (c) requires the trial court to "determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable before exercising its discretion in deciding whether to dismiss the appeal." (Citation and punctuation omitted.) Id. A delay of more than 30 days in filing a transcript is "prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Citation and punctuation omitted.) *Pistacchio*, 314 Ga. App. at 121. The question of whether a delay was unreasonable "refers principally to the length and effect of the delay." (Citation and punctuation omitted.) Id. "Generally, a delay is unreasonable if it affects an appeal, either by directly prejudicing the position of a party . . . or by causing the appeal to become stale, for instance by delaying docketing and hearing in this court." (Citation and punctuation omitted.) *Adams v. Hebert*, 279 Ga. App. 158, 159 (630 SE2d 652) (2006).

6

Here, Ashley was required to file the transcript within 30 days after the filing of her notice of appeal, or by November 1, 2012. OCGA § 5-6-42. However, without ever filing for an extension, she did not do so until July 3, 2013, more than eight months after the deadline. Therefore, Ashley's delay was prima facie unreasonable and the burden shifted to her to come forward with evidence that the delay was neither unreasonable nor inexcusable. *Pistacchio*, 314 Ga. App. at 121. However, Ashley has pointed to no evidence that would demonstrate that the eight-month delay was either reasonable or excusable. Although Ashley emphasizes that she was granted leave to proceed in forma pauperis,[1] her motion only asked that she be relieved from payment of the costs to transmit the record , which relief the trial court granted, without reference to the costs of preparing the transcript. And her counsel's letter to the court reporter highlighted her own uncertainty as to her obligation with respect to the transcript. Ashley's reliance on Uniform Superior Court Rule 41.3, which speaks only to appellate counsel's duty to personally pay transcript costs and to certify that she has ordered the transcript prior to filing a notice of appeal, does not

[1] OCGA § 9-15-2 (a) (1) provides that when any party subscribes an affidavit that because of his indigence he is unable to pay any cost normally required in the court, the party "shall be relieved from paying the costs and his rights shall be the same as if he had paid the costs."

7

aid her in demonstrating that the eight-month delay was somehow reasonable.[2]

Moreover, Ashley has cited no authority that would absolve her of all responsibility

in ensuring that the transcript was timely filed.[3]

To the contrary, "[i]t is well settled that the duty to order the transcript and to

monitor timely the progress of the [court] reporter's office in transcript preparation

is vested upon the appropriate appealing party." (Citation and punctuation omitted.)

*Mercer v. Munn*, 321 Ga. App. 723, 726 (1) (742 SE2d 747) (2013); see also *Atlanta*

*Orthopedic Surgeons v. Adams*, 254 Ga. App. 532, 536 (562 SE2d 818) (2002) ("The

---

[2] Uniform Superior Court Rule 41.3 provides in full that "[e]xcept where leave to proceed in forma pauperis has been granted, an attorney who files a motion for new trial, or a notice of appeal which specifies that the transcript of evidence or hearing shall be included in the record, shall be personally responsible for compensating the court reporter for the cost of transcription. The filing of such motion or notice shall constitute a certificate by the attorney that the transcript has been ordered from the court reporter. The filing of such motion or notice prior to ordering the transcript from the reporter shall subject the attorney to disciplinary action by the court."

[3] We likewise reject Ashley's argument that her motion for leave to proceed in forma pauperis acted as a supersedeas and excused her from ordering and filing the transcript until after the motion was granted. Even if we were persuaded by her citation of *Haygood v. Head*, 305 Ga. App. 375 (699 SE2d 588) (2011) (addressing the payment of the bill of costs, not the separate payment for the preparation of a transcript), Ashley offers no reason why she did not seek an extension of time pursuant to OCGA § 5-6-39. Moreover, her motion was granted on January 9, 2013, yet she still waited until March 25, 2013 to finally contact the court reporter for the first time, at which point the delay was already prima facie unreasonable.

burden for making sure the transcript was filed, not just paying for it, belonged to [Appellant].”). Therefore, even where an indigent appellant may be relieved of having to *pay* for the transcript, she still has the duty of diligently ensuring it is timely prepared. See *Wright v. Southern Investment Properties*, 204 Ga. App. 538, 538 (419 SE2d 764) (1992) (“It is the duty of the appellant to have the transcript prepared pursuant to OCGA § 5-6-41. The filing of a pauper's affidavit does not relieve the appellant in a civil action from such a duty.”). Even where the State is obligated to pay for a trial transcript for an indigent criminal defendant who appeals, this Court has held that it is nonetheless the obligation of the defendant to take affirmative steps to request that a transcript be filed and the State billed. See *Miller v. State*, 222 Ga. App. 641, 642 (475 SE2d 690) (1996) (“In light of defendant's failure to take any steps to ensure the transcript was filed in a timely manner, regardless of who was going to pay for it, the trial court's findings were supported and its dismissal of the appeal was not an abuse of discretion.”).

We also find Ashley's attempts to blame the court reporter for the delay in filing the transcript unavailing. “The statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript is vested upon the appropriate appealing party. It would create an unacceptable and impractical burden

9

on the court reporter's office to require them to contact attorneys or parties and report on the status of all ordered transcripts." (Citation and punctuation omitted.) *In the Interest of T. H.*, 311 Ga. App. 641, 644 (716 SE2d 724) (2011); see also *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 501 (2) (458 SE2d 377) (1995) ("the burden to keep accurately informed of the status of transcript preparation remains with the party having the responsibility to file the transcript and it cannot be shifted to the court reporter").

This Court's docket for the January, April and September terms closes at noon on the 15th day of December, April and August, respectively.[4] Because the transcript was filed eight months late, the docketing of Ashley's appeal was delayed by at least one term. Accordingly,

> it is indisputable that [Ashley's] failure to procure the transcript has discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date. As we have repeatedly held, justice delayed for even one day is justice denied to the litigant who was successful in the lower court and who is entitled to his judgment unless the case is properly reversed.

---

[4] See Court of Appeals Rule 12.

10

(Citation and punctuation omitted.) *Mercer*, 321 Ga. App. at 726-727. Under these circumstances, we cannot say that the trial court abused its discretion in finding that the delay was unreasonable, inexcusable and caused by Ashley. See *ACCC Ins. Co. v. Pizza Hut of Am., Inc.*, 314 Ga. App. 655, 659 (725 SE2d 767) (2012) (affirming dismissal of appeal where appellant did nothing from the time the notice of appeal was filed until approximately four months later to cause the transcript to be prepared).

2. In her third enumeration of error, Ashley argues that the trial court erred in failing to hold a hearing prior to dismissing her appeal. In support, she cites *McCorvey Dev., Inc. v. D. G. Jenkins Dev. Corp.*, 260 Ga. App. 276 (581 SE2d 308) (2003). However, *McCorvey* was later overruled by this Court:

> As our Supreme Court has recently explained, OCGA § 5-6-48 (c)'s requirement that the trial court may not dismiss an appeal until first providing the parties with notice and an *opportunity* for hearing is satisfied if the complaining party is given an opportunity to respond on the record to the motion to dismiss.

(Citation and punctuation omitted; emphasis in original.) *Grant v. Kooby*, 310 Ga. App. 483, 486-487 (713 SE2d 685) (2011) (expressly abrogating *McCorvey* and holding "it is no longer of any precedential utility" as to the hearing requirement). The record clearly reflects that Ashley was given an opportunity to file her various

11

briefs in opposition to the motion to dismiss, all of which were considered by the trial court, and it does not appear from our review of the record that Ashley ever asked for a hearing. Therefore, this enumeration is without merit.

3. In her fourth enumeration of error, Ashley contends that the trial court erred in dismissing her appeal in the absence of any showing of prejudice to the Appellees. However, where Ashley's delay was prima facie unreasonable and she has failed to rebut that presumption, there is no requirement that Appellees prove they were prejudiced by the delay. See *Mercer*, 321 Ga. App. at 726 (finding dismissal of appeal warranted even where appellee was not directly prejudiced but appellant's failure to timely file transcript delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date). Accordingly, we find no error.

4. In her final enumeration of error, Ashley argues that the trial court erred in failing to consider the settlement negotiations of the parties that allegedly took place at some point after she filed her notice of appeal. However, this attempt to relieve herself of the responsibility for ensuring the timely filing of the transcript fails. Ashley offers no record citations to support her contention that "[t]he filing of the transcript did not become an issue until settlement discussions were exhausted." Nor

does she cite any legal authority to support the proposition that her delay was excusable in light of the parties' attempt to resolve the matter through settlement negotiations, and we find none.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*