**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

April 28, 2015

# In the Court of Appeals of Georgia

A15A0749. IN THE INTEREST OF D. H., a child.          JE-0740

ELLINGTON, Presiding Judge.

In 2012, the Juvenile Court of Lamar County adjudicated 13-year-old D. H. delinquent after finding that he committed acts which, if committed by an adult, would have constituted aggravated child molestation, OCGA § 16-6-4, a Class A designated felony act.[1] The juvenile court ordered that D. H. be placed on probation

---

[1] See former OCGA §§ 15-11-28 (b) (2) (A) (v) (2012) (The superior court shall have exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed aggravated child molestation.); (b) (2) (C) (The district attorney may decline to prosecute aggravated child molestation in the superior court, in which case the district attorney shall transfer the case to the juvenile court for adjudication and the case shall be subject to the designated felony act provisions of former OCGA § 15-11-63 (2012).); former 15-11-63 (a) (2) (D) (2012) ("'Designated felony act' means an act which . . . [c]onstitutes an offense within the exclusive jurisdiction of the superior court . . . which is transferred by the superior court to the juvenile court for adjudication . . . or which is transferred by the district attorney to the juvenile court for adjudication[.]"). See also OCGA §§ 15-11-560 (b)

for 24 months, with the first 6 months to be served on house arrest. In 2013, the juvenile court again adjudicated D. H. delinquent, after finding that he violated the terms of his probation. On July 9, 2013, the juvenile court ordered that D. H. be "committed to the custody of the Department of Juvenile Justice for an initial . . . period of 5 years," that he "initially be confined in Youth Development Center for a period of 60 months, after which period [he] shall be placed under the intensive supervision for a period of 60 months."[2]

Over a year later, on July 29, 2014, D. H. filed a motion for various kinds of relief from the commitment order. The State filed a motion to dismiss the motion, and

_____

(6) (The superior court shall have exclusive original jurisdiction over the trial of any child 13 to 17 years of age who is alleged to have committed aggravated child molestation.) (2014); (d) (The district attorney may decline to prosecute aggravated child molestation in the superior court, in which case the district attorney shall transfer the case to the juvenile court for adjudication and the case shall be subject to the class A designated felony act provisions of OCGA § 15-11-602 (2014).); 15-11-602 (a) (When a child is adjudicated to have committed a class A designated felony act, the court may order any authorized disposition, including placement in restrictive custody, subject to specified restrictions, as is best suited to provide for the rehabilitation of such child and the protection of the community.); (b) (considerations for placement in restrictive custody); (c) (requirements for orders for placement in restrictive custody for a child adjudicated for a class A designated felony act) (2014).

[2] Despite the terms of the order of confinement, the record shows that D. H. spent much of the following year on conditional release.

the juvenile court granted the motion to dismiss D. H.'s motion. D. H. appeals, and, for the reasons explained below, we affirm.

1. In D. H.'s motion, he moved for modification of the July 9, 2013 commitment order, averring that, while he was in restrictive custody, he had been repeatedly bullied and seriously injured and that he feared further maltreatment by other juveniles at the facility. He argued that these repeated injuries "do not seem to constitute the kind of rehabilitation set forth in the Commitment Order dated July 9th, 2013[,]" and warranted a modification of the commitment order.

In addition, D. H. argued that newly discovered evidence cast doubt on the underlying delinquency adjudication which was based on allegations that D. H. committed an alleged act of aggravated child molestation on June 7, 2012. D. H. averred that the 14-year-old victim had made very similar complaints against two other alleged perpetrators within the space of three years of her outcry concerning D. H. Based on this "newly discovered evidence," he argued that the adjudications of delinquency be set aside pursuant to OCGA § 15-11-32 (2014).

In its motion to dismiss D. H.'s motion, the State argued that D. H., who has been transferred to Department of Juvenile Justice custody, was not authorized to file a motion for modification pursuant to OCGA § 15-11-32 (2014). Furthermore, the

3

State argues, OCGA § 15-11-602 (2014) "precisely addresses defendant's issue of release, modification, or termination and is the controlling statute that applies." The order granting the State's motion to dismiss did not explain the basis for the ruling.

The Code sections 15-11-32 (2014) and 15-11-602 (2014) are part of Georgia's new Juvenile Code, OCGA § 15-11-1 et seq. (2014). This comprehensive reform legislation provides:

> This Act shall become effective on January 1, 2014, and shall apply to all offenses which occur and juvenile proceedings commenced on and after such date. Any offense occurring before January 1, 2014, shall be governed by the statute in effect at the time of such offense . . . . The enactment of this Act shall not affect any prosecutions for acts occurring before January 1, 2014, and shall not act as an abatement of any such prosecutions.

Ga. L. 2013, p. 294, 514, § 5-1 (Act 127). Because these juvenile proceedings were commenced before the effective date of the new Juvenile Code, the provisions of the new Code are generally not applicable to these proceedings.[3] Regardless of the date

---

[3] See OCGA § 15-11-16 (a) (2014) (juvenile proceedings commence, inter alia, by transfer of a case from another court or by the filing of a delinquency petition or complaint); former OCGA § 15-11-35 (a) (2012) (accord); former OCGA § 15-11-11 (a) (1999) (accord); *State v. Whetstone*, 264 Ga. 135, 136 (441 SE2d 842) (1994) (filing of juvenile complaint form is sufficient to commence informal proceedings against juvenile, although it is not sufficient to vest exclusive jurisdiction over

of the commencement of the proceedings, however, the provisions of the new Juvenile Code are applicable to a motion to modify an order committing a child to DJJ and to a motion to set aside an order of the court on the basis of newly discovered evidence. See OCGA § 15-11-32 (g) (2014) ("This Code section is intended to be retroactive and shall apply to any child who is under the jurisdiction of the court at the time of a hearing, regardless of the date of the original delinquency order.").

(a) As noted above, D. H. moved to modify the July 9, 2013 order that he be confined in Youth Development Center for a period of 60 months, on the basis that the purpose of rehabilitation was not being served by such confinement. OCGA § 15-11-32 (2014) provides generally that "[a]n order of the court may . . . be changed, modified, or vacated on the ground that changed circumstances so require in the best interests of a child," except that, after a child has been transferred to DJJ custody, "an order committing the child to DJJ "may only be modified upon motion of DJJ[,]" except as otherwise provided in OCGA § 15-11-602 (2014). OCGA § 15-11-32 (2014) (b), (c). Because the record shows that the juvenile court had transferred custody of D. H. to DJJ and that DJJ did not move to modify the commitment order,

juvenile in juvenile court where the juvenile court would have concurrent jurisdiction with the superior court).

5

the juvenile court was authorized to modify that order only pursuant to OCGA § 15-11-602 (2014).

Where a child is committed for a class A designated felony act or a class B designated felony act, as in this case, OCGA § 15-11-602 (f) (2) (A) (2014) provides, in pertinent part, that such a child shall be discharged from placement in a residential facility prior to the period of time provided in the court's order only "when a motion to be discharged from placement in a secure residential facility or nonsecure residential facility is granted by the court." Notwithstanding OCGA § 15-11-32 (2014), "*any party* may file a motion with the court seeking a child's release from placement in a residential facility, an order modifying the court's order requiring placement in a residential facility, or termination of an order of disposition for a child committed for a class A designated felony act or class B designated felony act." (Emphasis supplied.) OCGA § 15-11-602 (f) (2) (A) (2014). All such motions, however, must "be accompanied by a written recommendation for release, modification, or termination from a child's DJJ counselor or placement supervisor, filed in the court that committed such child to DJJ, and served on the prosecuting attorney for such jurisdiction." OCGA § 15-11-602 (f) (2) (B) (2014). Because the record shows that D. H.'s motion was not accompanied by a written recommendation

6

from his DJJ counselor or placement supervisor, OCGA §§ 15-11-32 (2014) and 15-11-602 (2014) barred the juvenile court from modifying the commitment order as D. H. requested. The juvenile court did not err in dismissing his motion to modify the commitment order on the basis that the purpose of rehabilitation was not being served.

(b) As noted above, D. H. argued that newly discovered evidence requires that the underlying adjudication of delinquency be set aside. See OCGA § 15-11-32 (a) (3) (2014) ("An order of the court shall be set aside if . . . [n]ewly discovered evidence so requires."). Contrary to the State's assertion, because such a motion is not a motion to modify a commitment order, OCGA § 15-11-32 (c) (2014) does not apply and the motion was not subject to dismissal on the basis that it was not filed by DJJ. D. H. has not identified any authority, however, that evidence that is discovered after a juvenile court has adjudicated a child delinquent will require that the adjudication be set aside where the evidence would serve only to attack the credibility of a witness, in this case, the victim. See *Mills v. State*, 251 Ga. App. 39, 43-44 (5) (553 SE2d 353) 358 (2001) (In seeking a new trial based on newly discovered evidence, the movant must show, inter alia, "that the new evidence does not operate solely to impeach the credibility of a witness." Evidence that contradicted the victim's testimony that she

had not had sexual intercourse with a man other than the defendant did not go to the issue of whether the defendant was guilty of child molestation and aggravated child molestation as charged in the indictment.) (punctuation and footnote omitted). Moreover, the record shows that at the adjudicatory hearing on August 14, 2012, D. H. admitted the allegations of aggravated child molestation in the State's petition and that the juvenile court adjudicated him delinquent on that basis. Based on the foregoing, we conclude that the trial court did not err in dismissing D. H.'s motion to set aside the adjudications.

(c) D. H. contends that he is entitled to a new adjudicatory hearing because there is no transcript from hearings held on August 1, August 14, and November 7, 2012. He failed to include any statement of the method by which this claim of error was preserved for appellate review, as required. See Court of Appeals Rule 25 (a). It appears from the record that he did not request a new hearing on this basis from the juvenile court and obtain a ruling on such request. Moreover, as noted above, the adjudication of delinquency on August 14, 2012, was based on D. H.'s admission of the State's allegations. On November 7, 2012, the juvenile court entered its disposition order. D. H. did not seek to withdraw his admissions between adjudication and entry of disposition and did not file a timely notice of appeal from the disposition,

8

which is a final judgment from which a direct appeal lies if taken within 30 days. See OCGA §§ 5-6-38 (a) (A notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment complained of."); former 15-11-3 (2012) ("In all cases of final judgments of a juvenile court judge, appeals shall be taken to the Court of Appeals or the Supreme Court in the same manner as appeals from the superior court."); *M. K. H. v. State*, 132 Ga. App. 143, 144 (207 SE2d 645) (1974) (Entry of a finding of delinquency together with an order of disposition in juvenile court is a final order for purposes of appeal, from which a direct appeal lies.). D. H. waived his right to appeal from the underlying adjudication of delinquency, and he has shown no other prejudice from the absence of the missing transcripts. This claim of error presents no basis for reversing the judgment and ordering a new hearing.

2. D. H. contends that he received ineffective assistance of counsel at the time he admitted the allegations of the act of aggravated child molestation, following the adjudication of delinquency, in connection with the July 9, 2013 commitment order, and in connection with an April 16, 2014 order that revoked an earlier order permitting conditional release. D. H. failed to present these claims to the juvenile court in his July 29, 2014 motion for relief, although he has been represented by his current counsel since at least May 1, 2013. "To preserve the issue of ineffective

assistance of previous counsel, new counsel must raise the issue at the earliest practicable opportunity of post-conviction review or the issue is waived." (Citations omitted.) *Ruiz v. State*, 286 Ga. 146, 148 (2) (b) (686 SE2d 253) (2009). Because D. H. raised these claims of ineffective assistance of counsel for the first time on appeal and failed to present them to the juvenile court for consideration of relevant evidence and a ruling, we will not consider them on the merits. *Jones v. State*, 294 Ga. 501, 503 (2) (755 SE2d 131) (2014); *Boykins v. State*, 298 Ga. App. 654, 656 (3) (680 SE2d 665) (2009).

*Judgment affirmed. Dillard and McFadden, JJ., concur*.