**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J. and SELF, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 3, 2017**

# In the Court of Appeals of Georgia

A17A0732. IN THE INTEREST OF C. W., A CHILD.           SE-022C

SELF, Judge.

This case arises from the juvenile court's dismissal of notices of appeal from a contempt order issued against Cynthia Lain and C. W., her minor son, in connection with C. W.'s delinquency case. On appeal, appellants[1] assert that the juvenile court erred by dismissing their notices of appeal. They also raise four other enumerations of error related to C. W.'s adjudication of delinquency and the juvenile court's contempt order. For the reasons explained below, we affirm.

---

[1] Lain's brief identifies her son as an additional appellant. While the notice of appeal names only Lain as the appellant, parents are parties to a delinquency action and "have the right to appeal the juvenile court's judgment and participate in the judicial process." *In the Interest of J. L. B.*, 280 Ga. App. 556, 558 (2) (634 SE2d 514) (2006).

Following C. W.'s adjudication of delinquency, the juvenile court found Lain and C. W. in contempt for: (1) C. W.'s failure to appear at a status review hearing and (2) failing to comply with the terms of C. W.'s disposition order. See OCGA §§ 15-11-31 (a) and (b) (juvenile court authorized to find adult and child in contempt). On November 17, 2015, the mother's counsel, Grady Roberts, filed a notice of appeal from the contempt order, and the mother filed a notice of appeal from the same order on behalf of her son. The notices of appeal requested that transcripts from every hearing in the case be included in the record. On December 10, 2015, the juvenile court clerk notified Lain and Roberts that they "will need to provide and pay for the court transcripts you have requested. Once we receive the original transcript and a copy we will begin the process of sending the record to the Court of Appeals. You will need to make arrangements with a certified court reporter to provide these transcripts."

On September 19, 2016, the State moved to dismiss the appeals because neither Lain nor Roberts arranged for the filing of the transcripts requested in both notices of appeal. The juvenile court held a hearing on the motion on October 7, 2016, in

which Lain was represented by Roberts. While we do not have a transcript of this hearing,[2] the juvenile court made the following findings from the evidence presented:

> The Court finds upon the testimony of the Juvenile Court Clerk Katie Cunningham that both Ms. Lain and Mr. Roberts were sent correspondence outlining the process for obtaining a transcript for appeal. Ms. Cunningham's letters were sent to the addresses provided by each of them as shown on their respective Notices of Appeal. The Court finds that Ms. Cunningham testified that in the 10 months since the notice[s] of appeal[] were filed she has not received any communication from a certified Court Reporter regarding the acquisition of a transcript. Likewise, the Clerk testified that she does not recall having any telephone inquiries about the status of the appeal or confusion on the matter. Further, the Court finds that Mr. Roberts proffered that his office had made telephone contact with the Court Clerk in the spring of 2016. However, the transcript has yet to be produced.
>
> In considering OCGA § 5-6-48, the Court finds that there has been an unreasonable delay of 10 months which was the direct result of the inaction and lack of diligence on behalf of both Grady Roberts and Cynthia Lain. The Court finds that the delay is inexcusable and a continued effort on behalf of Ms. Lain to frustrate and delay the orderly operation of this Court. . . . The Court further finds that the lack of diligence by Mr. Roberts [was] unreasonable and inexcusable.

Based upon these findings, the juvenile court granted the State's motion to dismiss the appeals.

---

[2] The notice of appeal for the instant case states in bold type: "No [t]ranscript to be included."

3

1. In a one-sentence argument, Lain contends that the juvenile court erred by dismissing her appeal for failure to pay costs because "[t]he clerk of court never prepared a cost bill nor submitted a cost bill . . . for payment." This argument has no merit, because Lain incorrectly characterizes the basis for the juvenile court's dismissal as her failure to pay costs, rather than her delay in causing the requested transcripts to be filed. Additionally, based upon the lack of a transcript of the October 7, 2016 hearing in this appeal, we must presume that the juvenile court's findings were supported and that it did not abuse its discretion in dismissing the contempt appeals for failing to timely file the transcripts. See OCGA § 5-6-42 (party responsible for filing transcript shall do so within 30 days after notice of appeal filed); *In the Interest of C. F.*, 255 Ga. App. 93, 95 (1) (564 SE2d 524) (2002); *Miller v. State*, 222 Ga. App. 641, 642 (475 SE2d 690) (1996); *Denson v. Sanders*, 155 Ga. App. 583, 585 (2) (271 SE2d 715) (1980).

2. We find no merit in Lain's claim that the juvenile court clerk was obligated to provide the transcripts. In *Miller*, supra, we rejected a similar claim, finding that even an indigent defendant is obligated to take steps to ensure that a transcript is filed

in a timely manner. 222 Ga. App. at 642. OCGA § 5-6-42 places the burden upon the appellant, not the lower court clerk, to cause transcripts to be prepared and filed. See, e. g., *State v. Hart*, 246 Ga. 212, 213 (1) (271 SE2d 133) (1980).

3. We cannot consider the claims raised in connection with C. W.'s adjudication of delinquency on August 20, 2014, as a notice of appeal was not filed within 30 days. See *In the Interest of D. H.*, 332 Ga. App. 274, 278 (1) (c) (772 SE2d 70) (2015).

4. Our holdings in Divisions 1 and 2 preclude us from considering the merits of the remaining enumerations of error in this appeal as they relate to the merits of the trial court's contempt order.

*Judgment affirmed. Dillard, C. J., and Ray, P. J., concur*.