# Court of Appeals
# of the State of Georgia

ATLANTA,  November 17, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0498. KENDALL v. DAWSON et al.

Presently before the Court are the appellant's MOTION TO REMAND CASE TO TRIAL COURT FOR INCLUSION OF TRIAL TRANSCRIPT and the appellees' MOTION TO DISMISS APPEAL.

The appellees show that the appellant failed to cause the transcript to be filed within 30 days after filing of the notice of appeal, as required by OCGA §§ 5-6-41 (c) ("[W]here an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at the appellant's expense.") and 5-6-42 ("The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal or designation by appellee, as the case may be, unless the time is extended as provided in Code Section 5-6-39.").

The appellant seeks to excuse his failure on the basis that the administrator in charge of court reporters in the Superior Court of Fulton County has been unable to identify the court reporter who took down the bench trial, making it impossible for him to order the transcript. The appellant fails to offer any reason, however, for his failure to seek an extension of time from the trial court, as provided in OCGA § 5-6-39 (a) (3) ("Any judge of the trial court . . . may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of . . . Transcript of the evidence and proceedings on appeal[.]").

OCGA § 5-6-48 (c) provides that "[n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court[.]" OCGA § 5-6-48 (c) further provides, however, "*the trial court* may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." See *Pistacchio v. Frasso*, 314 Ga. App. 119, 121 (723 SE2d 322) (2012) (A delay of more than 30 days in filing a transcript is "prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."); *Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 677 (3) (530 SE2d 800) (2000) ("A delay is unreasonable if it directly delays placement of the case on the earliest possible calendar in [the appellate] court or delays the docketing of the appeal and the hearing of the case in [the appellate] court."); see also *Southeastern Plumbing Supply Co. v. Lee*, 232 Ga. 626, 630-631 (208 SE2d 449) (1974), Justice Hall concurring specially ("The purpose of [OCGA § 5-6-48, as amended,] was to eliminate the automatic dismissal of an appeal by one of the appellate courts for the failure of a party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court and to provide for a means of determining the reason for the delay in the trial court.").

Because the Appellate Practice Act reserves to the trial court consideration of the appellees' motion to dismiss based on the failure to file the transcript, the motion is hereby DENIED, and the case is hereby REMANDED for the trial court's consideration of the motion. The appellant's motion to remand is hereby GRANTED; however, in the event the trial court grants the appellees' motion to dismiss, the clerk

of the trial court shall not be required to transmit the transcript of the proceedings to this Court in connection with the above-styled case. Any appeal from an order granting the appellees' motion may be initiated by timely filing a notice of appeal from such order.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   11/17/2017   *
      *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ , *Clerk.*