**SECOND DIVISION
MILLER, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 1, 2021**

# In the Court of Appeals of Georgia

A21A1150. KAWANNA BROWN AS THE ADMINISTRATOR OF THE ESTATE OF JERONTA BROWN, DECEASED et al. v. QUIGGLEY et al.

HODGES, Judge.

In this appeal, we are asked to review an order from the Superior Court of Fulton County dismissing an estates's appeal due to the estate's failure to file a transcript it requested to be included in the appellate record. We conclude that the estate failed to rebut the presumption that a two-year delay in filing the transcript was both inexcusable and unreasonable or refute adequately that the delay was caused by the estate. Therefore, we affirm.

Under Georgia law,

[w]e review a trial court's ruling on a motion to dismiss an appeal pursuant to [OCGA § 5-6-48 (c)] under an abuse of discretion standard. When making factual determinations based upon evidence presented at

a hearing on the question of dismissal, the trial court is vested with broad discretion to decide whether the appeal should be dismissed. Absent an abuse of such discretion, the court's decision will not be disturbed on appeal.

(Citation omitted.) *Webb's Erection, Inc. v. Colonial Pacific Leasing Corp.*, 345 Ga. App. 202 (1) (812 SE2d 602) (2018). So viewed, the record reveals that the estate of Jeronta Brown (the "Estate") sued various state and DeKalb County officials, as well as entities associated with Dismas International, Inc. (collectively, "Defendants"), in 2016 after Brown and his girlfriend, Brianna Brooks, were abducted from a residence by two men, ransomed, and later found murdered.[1] The trial court granted the Defendants' motions for summary judgment on July 10, 2018, and the Estate filed a timely notice of appeal on July 17, 2018. The Estate's notice of appeal included a statement requesting that "[t]he clerk will please omit nothing from the record. *Transcript of evidence and proceedings from the Motions and Arguments in this case*

---

[1] According to the Estate's complaint, both of the abductors were convicted felons — one assailant was on state parole at the time of the crimes, while the second assailant was on federal parole and resided at a "halfway house."

2

*will be filed for inclusion in the record of appeal*." The Estate also timely paid the

trial court clerk's costs for appeal on August 8, 2018.[2]

More than two years later, with no transcript having been filed, the Defendants

filed motions to dismiss the Estate's appeal on December 1 and 2, 2020. In its written

response to the motions, the Estate did not request a hearing[3] but instead relied upon

the general duty of a court reporter "to file the transcript of evidence and proceedings

within the time allowed by law or order of court. . . ."[4] OCGA § 5-6-48 (f). The trial

court granted the Defendants' motions, finding that "[t]he delay of more than two

---

[2] The record on appeal does not include the Defendants' motions for summary judgment; the Estate's responses, if any; the trial court's order granting the Defendants' motions; or the Estate's notice of appeal. Rather, these statements are included in the trial court's order dismissing the Estate's appeal. None of the parties have contested the accuracy of the trial court's statements concerning the procedural history of the case and, therefore, we will accept these statements as accurate.

[3] See Uniform Superior Court Rule 6.3 ("Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing. . . .").

[4] In a footnote in its response, the Estate claimed that it learned "from the clerk's office that one of the court reporters who transcribe[d] one of the motion/argument hearings was now deceased and the clerk was attempting to secure the deceased reporter's work product." However, counsel's statements contained in briefs are not entitled to evidentiary effect. See generally *Latimore v. City of Atlanta*, 289 Ga. App. 85, 87 (656 SE2d 222) (2008) (holding that assertions of fact in the briefs of parties do not, standing alone, constitute competent evidence).

3

years is presumptively unreasonable and inexcusable" and that the Estate "did not submit evidence to rebut this presumption[;]" the trial court also attributed the delay to the Estate because "the law places the burden of filing the transcript upon the appellant and there is no evidence that [the Estate] made any attempts to file the transcript as provided by law[.]" This appeal followed.[5]

In two interrelated enumerations of error, the Estate contends the trial court erred in finding that the delay in filing the summary judgment transcript was unreasonable, inexcusable, and caused by the Estate. This argument is without merit.

Georgia law provides that, if an appellant designates a transcript of evidence and proceedings for inclusion in the record on appeal pursuant to OCGA § 5-6-37, "the appellant shall cause the transcript to be prepared and filed as provided by [OCGA §] 5-6-41" and "shall cause it to be filed within 30 days after filing of the notice of appeal . . ., unless the time is extended as provided in [OCGA §] 5-6-39."

---

[5] The Defendants contend that the present appeal is untimely because the Estate did not file a notice of appeal from the trial court's January 7, 2021 order until February 9, 2021. See OCGA § 5-6-38 (a). However, the trial court entered an order on February 12, 2021 closing the case and dismissing all remaining claims against unserved defendants, resulting in a final order in which "the case [was] no longer pending in the court below[.]" OCGA § 5-6-34 (a) (1). Therefore, because the Estate's notice of appeal was filed within 30 days of this final order, we have jurisdiction.

OCGA § 5-6-42. Accordingly, it is clear "the duty to order the transcript and *to monitor timely the progress of the court reporter's office in transcript preparation* is vested upon the appropriate appealing party" — in this case, the Estate. (Citation and punctuation omitted; emphasis supplied.) *Ashley v. JP Morgan Chase Bank, N. A.*, 327 Ga. App. 232, 236 (1) (758 SE2d 135) (2014); see also *In the Interest of C. W.*, 342 Ga. App. 484, 486 (2) (803 SE2d 618) (2017).

> In the event of a delay in filing a transcript,
>
> [n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court; but the trial court may, after notice and opportunity for hearing,[6] order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.

OCGA § 5-6-48 (c). Under OCGA § 5-6-48 (c), a trial court shall exercise discretion in deciding whether to dismiss an appeal only after determining "the length of the

---

[6] The "opportunity for hearing" requirement "is satisfied if the complaining party is given an opportunity to respond on the record to the motion to dismiss." *Ashley*, 327 Ga. App. at 238 (2) (affirming dismissal of appeal in which complaining party failed to request a hearing but "was given an opportunity to file her various briefs in opposition to the motion to dismiss").

delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable[.]" (Citation and punctuation omitted.) *Webb's Erection*, 345 Ga. App. at 203 (1).

"[T]he threshold question whether [a] delay was unreasonable refers principally to the length and effect of the delay." (Citation, punctuation, and emphasis omitted.) *Pistacchio v. Frasso*, 314 Ga. App. 119, 121 (723 SE2d 322) (2012). "Generally, a delay is unreasonable if it affects an appeal, either by directly prejudicing the position of a party or by causing the appeal to become stale, for instance by delaying docketing and hearing in this court." (Citation and punctuation omitted.) *Ashley*, 327 Ga. App. at 235 (1). "A delay of more than 30 days in filing a transcript is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." Id.; see also *Pistacchio*, 314 Ga. App. at 121.

Here, in its July 17, 2018 notice of appeal, the Estate indicated that a "[t]ranscript of evidence and proceedings from the Motions and Arguments in this case will be filed for inclusion in the record of appeal." Pursuant to OCGA § 5-6-42, the Estate had 30 days in which to file the transcript or seek an extension of time to file the transcript. Yet in the more than two years that followed, the Estate neither

6

filed a transcript nor sought an extension. See *Pistacchio*, 314 Ga. App. at 123 ("[T]he failure to obtain the required extension of time is one of the factors considered in whether a delay in filing a transcript is unreasonable and inexcusable.") (citation omitted). In fact, the record does not contain any correspondence or other evidence demonstrating that the Estate ever even contacted the court reporter, or any associate or representative of the court reporter, to learn the status of the transcript. Therefore, we conclude that this two-year unexplained delay in securing a transcript is prima facie unreasonable and inexcusable. See *Ashley*, 327 Ga. App. at 235-236 (1); see also *Pistacchio*, 314 Ga. App. at 121, 122-123.

Furthermore, the Estate has not presented any evidence to rebut the presumption that the delay is unreasonable and inexcusable. Rather, the Estate's argument is singularly bottomed on OCGA § 5-6-48 (f), which provides in part that "[a]n appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court. . . ." However, contrary to the Estate's argument, a party responsible for filing a transcript may not simply abdicate that responsibility to the court reporter. See *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 501 (2) (458 SE2d 377) (1995) ("the burden to keep accurately informed

7

of the status of transcript preparation remains with the party having the responsibility to file the transcript and it cannot be shifted to the court reporter"). In addition, the Estate's argument necessarily ignores the remainder of OCGA § 5-6-48 (f), which authorizes the dismissal of an appeal if "it affirmatively appears from the record that the failure [to file a transcript] was caused by the appellant."

Finally, "[t]he delay here discernibly delayed docketing of the record in the appellate court and prevented an appellate decision on the merits at the earliest possible date." *Pistacchio*, 314 Ga. App. at 122. This Court's terms commence on the first Mondays of December, April, and August. See Court of Appeals Rule 12. Currently assigned to the April 2021 term of court, the Estate's initial appeal could have conceivably been docketed during the August 2018 term of court. This delay, for which the Estate bears sole responsibility, buttresses the trial court's conclusions that the delay was unreasonable, inexcusable, and caused by the Estate.

In sum, it is clear that the Estate requested that a transcript of a summary judgment hearing be included in the record on appeal. The Estate never filed such a transcript. Moreover, during the more than two-year delay that followed the Estate's notice of appeal, the record conclusively demonstrates — through the absence of correspondence, pleadings, or evidence in any form — that the Estate never moved

8

for an extension of time or undertook any effort to contact the court reporter or otherwise monitor the progress in preparing a transcript. Not only is this delay presumed unreasonable and inexcusable, but the record confirms that the sole responsibility for the delay rests with the Estate. Accordingly, we conclude that the trial court did not abuse its discretion in finding the failure to file a transcript was unreasonable, inexcusable, and caused by the Estate. See *Ashley*, 327 Ga. App. at 237 (1); see also *Pistacchio*, 314 Ga. App. at 123. Therefore, we affirm the trial court's order granting the Defendants' motions to dismiss the Estate's appeal.

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur*.